**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 Voluntary Petition |
| | : | |
| MICHELE MARINARI, | : | Case No.: 14-19066-jkf |
| a.k.a. MICHELLE FRANK | : | |

**NOTICE OF MOTION, RESPONSE DEADLINE
AND HEARING DATE**

     Robert Morris, Esquire and Morris & Clemm, P.C., have filed with the Court a Motion to Quash Subpoena directed to the custodian of records Robert Morris, Esquire and Morris & Clemm, P.C.

     **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney.)**

     1.    If you do not want the court to grant the relief sought in the motion or if you want the court to consider your views on the motion, then on or before September 17, 2015 you or your attorney must do <u>all</u> of the following.

     a.  File an answer explaining your position at

> United States Bankruptcy Court
> Eastern District of Pennsylvania
> 900 Market Street, Suite 400
> Philadelphia, PA 19107

If you mail your answer to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated above; and

     b.  Mail a copy to the movant's attorney:

> Paul C. Troy, Esquire
> Kane, Pugh, Knoell, Troy & Kramer
> 510 Swede Street
> Norristown, PA 19401
> (610) 275-2000 – Phone
> (610) 275-2018 – Fax

     2.    If you or your attorney do not take the steps described in paragraphs 1(a) and 1(b) above and attend the hearing, the court may enter an order granting the relief requested in the motion.

3.    A hearing on the motion is scheduled to be held before the Honorable Jean K. FitzSimon on _____, in Courtroom Nix-3, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107.  Unless the court orders otherwise, the hearing on this contested matter will be an evidentiary hearing at which witnesses may testify with respect to disputed material factual issues in the manner directed by Fed. R. Bankr. P. 9014(d).

4.    If a copy of the motion is not enclosed, a copy of the motion will be provided to you if you request a copy from the attorney named in paragraph 1(b).

5.    You may contact the Bankruptcy Clerk's office at (215) 408-2800 to find out whether the hearing has been canceled because no one filed an answer.

Date: August 28, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on the date below that this Notice of Motion was served via ECF

Filing and via first class mail upon:

| | |
|---|---|
| Robert J. Murphy, Esquire<br>Murphy Building<br>2341 Pennsylvania Avenue<br>Philadelphia, PA 19130 | Michael A. Cataldo, Esq.<br>1500 Walnut Street, Suite 900<br>Philadelphia, PA 19102<br>*Counsel for* Michele Frank a/k/a Michele Marinari, Debtor |

**KANE, PUGH, KNOELL, TROY & KRAMER, LLC**

BY:    /S/Paul C. Troy                                
PAUL C. TROY, ESQUIRE
Attorney I.D. No. 60875
510 Swede Street, Norristown, PA 19401
(610) 275-2000
Attorney for Robert Morris, Esquire, and
Dated: August 28, 2015                Morris & Clemm, P.C.

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                          :          Chapter 13 Voluntary Petition
                                                :
MICHELE MARINARI,                               :          Case No.: 14-19066-jkf
a.k.a. MICHELLE FRANK                           :

## ORDER

AND NOW, this _____ day of _____, 2015, upon consideration of the
Motion of Robert Morris, Esquire and Morris & Clemm, P.C., to Quash the Subpoena served by
Robert J. Murphy, and any response thereto:

It is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** and the
Subpoena is **QUASHED**.  The custodian of the records, in consideration of the Motion of Robert
Morris, Esquire and Morris & Clemm, P.C., shall not be required to produce any documentation
set forth in the Subpoena.

**BY THE COURT:**

_____
                                                                                J.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 Voluntary Petition |
| | : | |
| MICHELE MARINARI, | : | Case No.: 14-19066-jkf |
| a.k.a. MICHELLE FRANK | : | |

## ROBERT MORRIS, ESQUIRE AND MORRIS & CLEMM, P.C.'S MOTION TO QUASH SUBPOENA

Robert Morris, Esquire and Morris & Clemm, P.C., ("Movants") by and through their attorneys, Kane, Pugh, Knoell, Troy & Kramer, LLP, hereby file this Motion to Quash Subpoena and assert the following.

1.      On August 26, 2015, Robert Morris, Esquire received a Subpoena to Produce Documents, Information, or Objects from Robert J. Murphy, a true and correct copy of which is attached hereto as Exhibit "A."

2.      Neither Robert Morris, Esquire nor Morris & Clemm, P.C. are parties to this bankruptcy action.

3.      The Subpoena must be quashed for failure to comply with the applicable Federal Rules of Civil Procedure and for seeking documents protected from disclosure.

4.      Pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, a subpoena *must* be quashed if it "fails to allow a reasonable time to comply." *See* Fed. R.C.P. 45 (d)(3)(A)(i).

5.      Here, the Subpoena was served on August 26, 2015, but requires production of the documents by August 31, 2015. *See* Ex. A.

6.      This five day period is not a "reasonable time" in which to comply with the Subpoena, and as such, it must be quashed.

1

7.    Additionally, the Subpoena contains no certificate of service for Michele Marinari, as required by Rule 45(a)(4) of the Federal Rules of Civil Procedure.

8.    As such, the Subpoena must be quashed for failure to notify each party *before* serving the person to whom it is directed. *See* Fed. R.C.P. 45(a)(4).

9.    In addition to these procedural defects, the Subpoena must be quashed for the following reasons.

10.    Robert Murphy is the Plaintiff in a civil action against Defendants Michele Marinari, Robert Morris, Esquire and Morris & Clemm, P.C, among others.

11.    That state court action was instituted on October 15, 2013, in the Court of Common Pleas of Delaware County and docketed at No. 2013-10207.  A true and correct copy of the docket in that case is attached hereto as Exhibit "B".

12.    The purported causes of action in that case stem from two prior Delaware County cases.

13.    In the first case, Delaware County No. 2004-014217, Robert Murphy obtained a judgment against Michele Marinari.

14.    In the second case, Delaware County No. 2009-005606, Michele Marinari brought a legal malpractice action against the attorney who represented her in the first case.

15.    Robert Morris, Esquire represented Michele Marinari in that legal malpractice action.

16.    Upon the settlement of that action, and after disbursement of the settlement proceeds, Robert Murphy attempted to garnish those proceeds in order to satisfy the judgment he previously obtained against her.

17.    Robert Murphy's efforts to recover that judgment were untimely, improper, and unsuccessful.

18.    Based on his failed efforts to properly pursue garnishment in that action, Robert Murphy then brought the 2013 civil action against Robert Morris, Esquire, alleging various claims under the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa. C.S. A. 5101, *et seq.*, in an improper effort to recover Marinari's outstanding debt from her former counsel.

19.    That case is currently stayed, by virtue of this bankruptcy action. *See* a true and correct copy of the January 28, 2015 Order granting the automatic stay, attached hereto as Exhibit "C."

20.    The Subpoena at issue directs the custodian of records for Robert Morris and Morris & Clemm, P.C. to produce documentation from the prior legal malpractice action in which Marinari was the plaintiff. *See* Ex. A.

21.    Robert Murphy has sought the same documents in the currently stayed action. A true and correct copy of those discovery requests is attached hereto as Exhibit "D."

22.    Robert Morris, Esquire and Morris & Clemm, P.C objected to the production of those documents. A true and correct copy of those objections is attached hereto as Exhibit "E."

23.    The documents and material sought are protected by attorney-client privilege and the work product doctrine. *See* Ex. E.

24.    The Subpoena issued in this bankruptcy action seeks the same protected material, specifically: "records, agreements, contracts, settlements, non-disclosure agreements, transfers, debts incurred, payments, settlement distributions, costs and expenses" in connection with the malpractice action, No. 2009-005606. *See* Ex. A.

25.    This is an explicit request for Movant's client file for Marinari's prior case.

3

26.    The production of these documents would, therefore, require the disclosure of information protected from discovery by the attorney-client privilege and the work product doctrine, and therefore Movant objects to the Subpoena.

27.    Moreover, as Robert Morris, Esquire and Morris & Clemm, P.C are not involved in the current action before this Honorable Court, it is believed and averred that Mr. Murphy is attempting to use discovery in this action to gather information related to the matter currently stayed in the Delaware Court of Common Pleas.

28.    Prior to the automatic stay, discovery had been exchanged with the exception of the privileged material, to which Movant filed for protective orders.

29.    Before all outstanding issues were resolved, it was Robert Murphy who filed a Motion for Stay, requesting that the Delaware County Court stay all proceedings and discovery due to Marinari's bankruptcy case.  A true and correct copy of that motion is attached hereto as Exhibit "F."

30.    As those issues have not yet been resolved, and because the attorney-client privilege has not been waived as to the documents currently sought by Mr. Murphy, the Subpoena must be quashed.

31.    Furthermore, Movant's client file has no relevance to this bankruptcy case, and would only be potentially relevant in the currently stayed action in Delaware County.

32.    This is true despite the fact that Robert Murphy has filed an adversary action in this bankruptcy matter, as his action is solely concerned with the prior action in which he obtained a judgment against Marinari.  A true and correct copy of Mr. Murphy's adversarial filing is attached hereto as Exhibit "G."

4

33.     That action is only concerned with Mr. Murphy's objections to Marinari's discharge of that judgment, and indeed only discusses the 2004-014217 case. *See* Ex. G.

34.     There is no mention of the 2009-005606 legal malpractice action, Robert Morris, Esquire or Morris & Clemm, P.C. *See id.*

35.     Therefore, the production of the privileged documents currently sought in the Subpoena would have no relevance to the current bankruptcy action, and as such, the Subpoena must be quashed.

**WHEREFORE**, Robert Morris, Esquire and Morris & Clemm, P.C., respectfully request that this Honorable Court grant their Motion to Quash Subpoena and enter the attached Order.

Respectfully Submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER, LLC**

BY:___/S/Paul C. Troy_____
PAUL C. TROY, ESQUIRE
Attorney I.D. No. 60875
510 Swede Street, Norristown, PA 19401
(610) 275-2000
Attorney for Robert Morris, Esquire, and
Dated: August 28, 2015                Morris & Clemm, P.C.

5

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Robert Morris, Esquire and Morris & Clemm,

P.C.'s Motion to Quash Subpoena was served via ECF Filing and via first class mail upon:

Robert J. Murphy, Esquire
Murphy Building
2341 Pennsylvania Avenue
Philadelphia, PA 19130

Michael A. Cataldo, Esq.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
*Counsel for* Michele Frank a/k/a Michele
Marinari, Debtor

**KANE, PUGH, KNOELL, TROY & KRAMER, LLC**

BY:___/S/Paul C. Troy_____
PAUL C. TROY, ESQUIRE
Attorney I.D. No. 60875
510 Swede Street, Norristown, PA 19401
(610) 275-2000
Attorney for Robert Morris, Esquire, and
Dated: August 28, 2015        Morris & Clemm, P.C.

## <u>CERTIFICATE OF REASONABLE EFFORT</u>

I hereby certify that on August 28, 2015, undersigned counsel or an associate thereof attempted

to resolve this dispute with Mr. Murphy, but after reasonable effort was unable to do so.

**KANE, PUGH, KNOELL, TROY & KRAMER, LLC**

BY:   /S/Paul C. Troy
          PAUL C. TROY, ESQUIRE
          Attorney I.D. No. 60875
          510 Swede Street, Norristown, PA 19401
          (610) 275-2000
          Attorney for Robert Morris, Esquire, and
<u>Dated</u>: August 28, 2015          Morris & Clemm, P.C.

7

# EXHIBIT "A"

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____ _Eastern_ _____ District of _Pennsylvania_

In re _Michele Marinari_
_____
                Debtor

_(Complete if issued in an adversary proceeding)_

_Robert Murphy_
_____
                Plaintiff
                v.

_Michele Marinari_
_____
                Defendant

Case No. _2:14-BK-19066-JKF_

Chapter _13_

Adv. Proc. No. _15-00124-JKF_

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _Custodian of Records - Robert Morris, Morris & Clemm, P.C._
_____
        _(Name of person to whom the subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: _Records, Agreements, Contracts, Settlements, Non-Disclosure Agreements, Transfers, Debts Incurred, payments, settlement distributions, costs + expenses via the action captioned Marinari v. Frank Williams, ETal., Delaware County Court of Common Pleas 2009-005606_

| PLACE  *7 COOPERTOWN ROAD* | DATE AND TIME |
|---|---|
| *HAVERFORD, Pa 19041* | *8/31/15   12:00 p.m.* |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _8/26/15_

CLERK OF COURT

_____         OR    _/s/ signature_
_Signature of Clerk or Deputy Clerk_           _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
_Robert Murphy_ , who issues or requests this subpoena, are: _RKMurphy1@AOL.com_
_Robert Murphy, Pro Se, 287 Brazilian Ave. Palm Beach Fl 33480   (561) 818-0215_

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT "B"



# Delaware County, Pennsylvania
### Rich in Culture, History and Commerce



Home | Search | Contact Us

| Departments... ▼ | Services... ▼ |

Judgment Index Search |    Case Search |

<< Back to previous page

## Case Information

Date: August 28, 2015 2:33:32 PM EDT

| Case Filing Date | Case Number | Case Type |
|---|---|---|
| 10/15/2013 | 2013-010207 | Intentional Tort |

## Litigant(s) Information

| Party Name | Attorney(s) | Party Role | Address | Case Filing Date |
|---|---|---|---|---|
| MURPHY, ROBERT J | MURPHY, ROBERT J | Plaintiff | | 10/15/2013 |
| FRANK /AKA, MICHELE | | Defendant | 19 HOMESTEAD LANE ROYERSFORD PENNSYLVANIA 19468 | 10/15/2013 |
| MARINARI, MICHELE | | Defendant | 19 HOMESTEAD LANE ROYERSFORD PENNSYLVANIA 19468 | 10/15/2013 |
| MORRIS AND CLEMM, P.C. | | Defendant | 527 PLYMOUTH ROAD SUITE 416 PLYMOUTH MEETING PENNSYLVANIA 19462 | 10/15/2013 |
| MORRIS ESQ, ROBERT | TROY , PAUL C | Defendant | 527 PLYMOUTH RD SUITE 416 PLYMOUTH MEETING PENNSYLVANIA 19462 | 10/15/2013 |
| O'DONNELL, HAGNER & WILLIAMS P.C. | | Defendant | 211 WEST LANCASTER AVENUE PAOLI PENNSYLVANIA 19301 | 10/15/2013 |
| WESTPORT INSURANCE COMPANY | LEWIS , JEFFREY P | Defendant | 5200 METCALF AVE MISSION KANSAS 66202 | 10/15/2013 |
| WILLIAMS ESQ, FRANK | LEWIS , JEFFREY P | Defendant | 211 W LANCASTER AVE PAOLI PENNSYLVANIA 19301 | 10/15/2013 |

## Docket Information

| Description | Comments | Filing Attorney | Event Filing Date | Event Filing Time | View Image |
|---|---|---|---|---|---|
| Entry of Appearance | FOR ROBERT J MURPHY, ESQ ATTY FOR PLAINTIFF | | 10/15/2013 | 02:44:25 PM | |
| Case Initiated - Complaint | | | 10/15/2013 | 02:51:23 PM | View Image |
| Case Initiated - Complaint | | MURPHY, ROBERT J | 10/15/2013 | 02:51:23 PM | View Image |
| Receivable Created For $257.50 | | | 10/15/2013 | 02:51:23 PM | |
| Receipt# 041895 generated for the amount of $ 257.50 | | | 10/15/2013 | 02:54:00 PM | |
| Praecipe | PRAECIPE TO FILE RETURNS OF SERVICE | MURPHY, ROBERT J | 10/22/2013 | 11:16:18 AM | View Image |
| Praecipe | PRAECIPE TO FILE RETURNS OF SERVICE | MURPHY, ROBERT J | 10/22/2013 | 11:17:15 AM | View Image |
| Preliminary Objections | DEFENDANTS FRANK WILLIAMS, ESQ., O'DONNELL, HAGNER & WILLIAMS, P.C., AND WESTPORT INSURANCE COMPANY'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT | | 11/13/2013 | 11:26:11 AM | View Image |
| Praecipe for Appearance | JEFFREY P. LEWIS IS THE ATTORNEY FOR THE DEFENDANTS WESTPORT INSURANCE COMPANY, FRANK WILLIAMS, ESQ AND O'DONNELL , HAGNER & WILLIAMS, P.C. | | 11/13/2013 | 11:27:24 AM | View |

| | | | | Image |
|---|---|---|---|---|
| Receipt# 045924 generated for the amount of $ 50.00 | | | 11/13/2013 03:18:50 PM | |
| Receipt# 045928 generated for the amount of $ 50.00 | | | 11/13/2013 03:22:08 PM | |
| Amended Complaint | | | 11/26/2013 02:36:27 | View Image |
| Response | PLAINTIFF'S RESPONSE TO PRELIMINARY OBJECTIONS OF DEFENDANTS FRANK WILLIAMS, ESQUIRE, O'DONNELL HAGNER & WILLIAMS, P.C. AND WESTPORT INSURANCE COMPANY PURSUANT TO PA.R.CP. 1026 AND PA.R.CP. 1028 AND LOCAL RULE 1028 {C} AND APPLICABLE LAW | | 11/26/2013 02:36:32 | View Image |
| Preliminary Objections | DEFENDANTS FRANK WILLIAMS, ESQ., O'DONNELL, HAGNER & WILLIAMS, P.C., AND WESTPORT INSURANCE COMPANY'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S AMENDED COMPLAINT | | 01/14/2014 11:27:00 AM | View Image |
| Receipt# 053681 generated for the amount of $ 50.00 | | | 01/14/2014 01:16:49 PM | |
| Praecipe to Reinstate Complaint | | | 01/16/2014 02:46:53 PM | View Image |
| Receipt# 054099 generated for the amount of $ 10.00 | | | 01/16/2014 02:47:00 PM | |
| Response | PLAINTIFF'S RESPONSE TO PRELIMINARY OBJECTIONS OF DEFENDANTS FRANK WILLIAMS, ESQUIRE, O'DONNEL HAGNER & WILLIAMS, P.C. AND WESTPORT INSURANCE COMPANY TO PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO PA. R.CP. 1017, 1024, 1026, AND PA. R.CP. 1028 AND LOCAL RULE 1028 (C) AND APPLICABLE LAW | | 01/31/2014 03:22:47 PM | View Image |
| Reply | REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS FRANK WILLIAMS, ESQ., O'DONNELL, HAGNER & WILLIAMS, P.C., AND WESTPORT INSURANCE COMPANY'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S AMENDED COMPLAINT | | 02/18/2014 11:30:09 AM | View Image |
| Preliminary Objections | | | 02/18/2014 12:41:20 AM | View Image |
| Praecipe for Appearance | OF PAUL C TROY ATTY FOR DEFENDANTS ROBERT MORRIS ESQ AND MORRIS & CLEMM PC | | 02/18/2014 12:46:04 AM | |
| Receipt# 057839 generated for the amount of $ 50.00 | | | 02/18/2014 12:47:43 AM | |
| Receipt# 057840 generated for the amount of $ 50.00 | | | 02/18/2014 12:48:52 AM | |
| Praecipe | PRAECIPE TO APPEND VERIFICATION | LEWIS , JEFFREY P | 02/18/2014 01:24:08 PM | View Image |
| Preliminary Objections | | | 03/10/2014 03:49:58 PM | View Image |
| Receipt# 060764 generated for the amount of $ 50.00 | | | 03/10/2014 03:54:13 PM | |
| Praecipe | PRAECIPE TO FILE PLAINTIFF'S AMENDED CERTIFICATE OF SERVICE | | 03/13/2014 11:05:13 AM | View Image |
| Jury Trial Demanded | | TROY , PAUL C | 03/20/2014 11:36:29 AM | View Image |
| Receipt# 062260 generated for the amount of $ 50.00 | | | 03/20/2014 01:10:45 PM | |
| Preliminary Objections | PLAINTIFF'S SUR-REPLY MEMORANDUM CONTRA THE REPLY MEMORANDUM AND PRAECIPE TO APPEND AFFIDAVIT TO PRELIMINARY OBJECTIONS AND PRELIMINARY OBJECTIONS OF FRANK WILLIAMS, O'DONNELL HAGNER & WILLIAMS, P.C. AND WESTPORT COMPANY'S TO PLAINTIFF'S AMENDED COMPLAINT | | 03/20/2014 01:16:42 PM | View Image |
| Praecipe | PRAECIPE TO FILE RETURNS OF SERVICE | | 03/20/2014 01:24:15 | |

| | | | | PM | View Image |
|---|---|---|---|---|---|

| Praecipe | PRAECIPE TO APPEND VERIFICATION | | 03/21/2014 | 11:52:47 AM | View Image |
|---|---|---|---|---|---|
| Answer | DEFENDANTS ROBERT MORRIS, ESQUIRE, AND MORRIS & CLEMM, P.C.'S ANSWER TOPLAINTIFF'S PRELIMINARY OBJECTIONS TO DEFENDANTS' PRELIMINARY OBJECTIONS TO PLAINTIFF'S AMENDED COMPLAINT | | 03/28/2014 | 02:11:35 PM | View Image |
| Memorandum of Law | FURTHER REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS FRANK WILLIAMS, ESQUIRE, O'DONNELL, HAGNER & WILLIAMS, P.C., AND WESTPORT INSURANCE COMPANY'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S AMENDED COMPLAINT | | 04/01/2014 | 11:02:09 AM | View Image |
| Praecipe | PRAECIPE TO APPEND VERIFICATION | TROY , PAUL C | 04/07/2014 | 12:13:31 PM | View Image |
| Reply | ROBERT MURPHY'S REPLY MEMORANDUM CONTRA DEFENDANTS', ROBERT MORRIS AND MORRIS AND CLEMM, P.C.'S, ANSWER TO PLAINTIFF'S PRELIMINARY OBJECTIONS TO ROBERT MORRIS AND MORRIS AND CLEMM, P.C.'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S AMENDED COMPLAINT | | 04/10/2014 | 02:01:31 PM | View Image |
| Motion for Protective Order | DEFENDANTS ROBERT MORRIS, ESQUIRE AND MORRIS & CLEMM, P.C.'S MOTION FOR PROTECTIVE ORDER | | 04/16/2014 | 11:54:21 AM | View Image |
| Motion for ALTERNATE SERVICE | PLAINTIFFS MOTION TO SUBSTITUTE SERVICE OF PROCESS ON DEFENDANT MICHELLE MARINARI PURSUANT TO PA.R.C.P. 430 AND APPLICABLE LAW | | 04/25/2014 | 11:58:23 AM | View Image |
| Receipt# 067406 generated for the amount of $ 25.00 | | | 04/25/2014 | 11:58:33 AM | |
| Motion for Protective Order | DEFENDANTS ROBERT MORRIS, ESQUIRE AND MORRIS & CLEMM, P.C.'S MOTION FOR PROTECTIVE ORDER | | 04/29/2014 | 10:50:38 AM | View Image |
| Sur Reply | DEFENDANTS ROBERT MORRIS, ESQUIRE, AND MORRIS & CLEMM, P.C.'S P.C'S SUR RELY BRIEF IN OPPOSITION TO PLAINTIFF'S PRELIMINARY OBJECTIONS TO DEFENDANTS' PRELIMINARY OBJECTIONS TO PLAINTIFF'S AMENDED COMPLAINT | | 05/05/2014 | 11:34:09 AM | View Image |
| Response | PLAINTIFF'S RESPONSE AND OBJECTIONS TO THE MOTION FOR PROTECTIVE ORDER BY DEFENDANTS' ROBERT MORRIS AND MORRIS & CLEMM, P.C. | | 05/19/2014 | 01:17:52 PM | View Image |
| Supplemental | PLAINTIFF'S SUPPLEMENTAL MEMORANDUM SUR PLAINTIFF'S PENDING PRELIMINARY OBJECTIONS TO DEFENDANTS ROBERT MORRIS, ESQUIRE AND MORRIS & CLEMM, P.C. {HEREINAFTER MORRIS DEFENDANTS} SUR-REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S PRELIMINARY OBJECTIONS TO MORRIS DEFENDANTS' PRELIMINARY OBJECTIONS TO PLAINTIFF'S AMENDED COMPLAINT | | 05/19/2014 | 01:18:46 PM | View Image |
| OJS 236 Notice of Order | 236 N/S 06/05/2014 | TROY , PAUL C | 06/03/2014 | 01:28:00 PM | View Image |
| OJS 236 Notice of Order | 236 N/S 06/05/2014 | LEWIS , JEFFREY P | 06/03/2014 | 01:28:00 PM | View Image |
| OJS 236 Notice of Order | 236 N/S 06/05/2014 | MURPHY, ROBERT J | 06/03/2014 | 01:28:00 PM | View Image |
| Order Denying Petition to Allow Service | (DURHAM, J. 06/03/2014) | | 06/03/2014 | 01:28:00 PM | View Image |
| Praecipe to Reinstate Complaint | | | 06/10/2014 | 01:36:44 PM | View Image |
| Receipt# 073371 generated for the amount of $ 10.00 | | | 06/10/2014 | 01:39:29 PM | |
| Mail returned-USPS | | | 06/16/2014 | 01:10:52 PM | View Image |
| OJS 236 Notice of Order | | MURPHY, ROBERT J | 07/11/2014 | 11:26:48 AM | View Image |

| Document | Description | Party | Date | Time | |
|---|---|---|---|---|---|
| OJS 236 Notice of Order | | LEWIS , JEFFREY P | 07/11/2014 | 11:26:48 AM | View Image |
| OJS 236 Notice of Order | | TROY , PAUL C | 07/11/2014 | 11:26:48 AM | View Image |
| Order Overruling Preliminary Objections | 236 N/S 07/14/2014 (JUDGE PROUD) 3 ORDERS | | 07/11/2014 | 01:51:44 PM | View Image |
| Order Denying Petition for Preliminary Injunction | 236 N/S 07/14/2014 (JUDGE PROUD) 3 ORDERS | | 07/11/2014 | 01:52:18 PM | View Image |
| Order Overruling Preliminary Objections | 236 N/S 07/14/2014 (JUDGE PROUD) | | 07/11/2014 | 01:53:23 PM | View Image |
| Sheriff's Service Process Receipt, and Affidavit of Return | MICHELE MARINARI NOT SERVED 7.7.2014 $50.50 | | 07/24/2014 | 11:09:43 AM | View Image |
| Motion for Alternate Service | | | 07/28/2014 | 03:14:36 PM | View Image |
| Receivable 157255 Waived For $18.52 | | | 07/28/2014 | 03:17:26 PM | |
| Receipt# 080013 generated for the amount of $ 25.00 | | | 07/28/2014 | 03:18:36 PM | |
| Answer and New Matter | DEFENDANTS ROBERT MORRIS ESQ AND MORRIS & CLEMM P.C.'S ANSWER WITH NEW MATTER TO PLAINTIFF'S AMENDED COMPLAINT | | 07/30/2014 | 12:27:29 AM | View Image |
| Answer and Counterclaim/Cross Claim | ANSWER NEW MATTER AND CROSS-CLAIM OF DEFENDANTS FRANK WILLIAMS ESQUIRE O'DONNELL HAGNER AND WILLIAMS P.C. AND WESPORT INSURANCE CO. TO PLAITNIFF'S AMENDED COMPLAINT | | 07/30/2014 | 02:47:30 PM | View Image |
| Receipt# 080539 generated for the amount of $ 50.00 | | | 07/30/2014 | 03:02:59 PM | |
| Response | RESPONSE OF DEFENDANTS FRANK WILLIAMS,ESQ, O'DONNELL, HAGNER & WILLIAMS P.C. AND WESTPORT INSURANCE COMPANY, TO PLAINTIFF'S SUPPLEMENTAL MOTION TO SUBSTITUTE SERVICE OF PROCESS ON DEFENDANT, MICHAEL MARINARI, PURSUANT TO PA R.C.P. 430 AND APPLICABLE LAW | | 08/05/2014 | 02:51:11 PM | View Image |
| Reply | PLAINTIFFS REPLY TO DEFENDANTS FRANK WILLIAMS ESQ , ODONNELL, HAGNER AND WILLIAMS PC AND WEST PORT INSURANCE COMPANYS ANSWER CONTAINING NEW MATTER AND CROSS CLAIM | | 08/08/2014 | 12:05:29 AM | View Image |
| Plaintiff's Reply to New Matters | | | 08/08/2014 | 12:06:46 AM | View Image |
| Answer | ANSWER OF DEFENDANTS ROBERT MORIS, ESQUIRE, AND MORRIS & CLEMM, P.C.'S ANSWER TO PLAINTIFF'S SUPPLEMENTAL MOTION TO SUBSTITUTE SERVICE OF PROCESS ON DEFENDANT, MICHELE MARINARI, PURSUANT TO PA.R.C.P. 430, AND APPLICABLE LAW | | 08/14/2014 | 11:26:27 AM | View Image |
| Trial Assignment and Case Management Order Filed | TRIAL IS SCHEDULED FOR THIS COURT'S FOUR (4) WEEK TRIAL TERM COMMENCING JANUARY 5, 2015 (GREEN, J. 8-22-14) 236 N/S 8-28-14 | | 08/23/2014 | 06:32:53 AM | View Image |
| OJS 236 Notice of Order | | | 08/28/2014 | 08:58:40 AM | View Image |
| OJS 236 Notice of Order | | TROY , PAUL C | 08/28/2014 | 08:58:40 AM | View Image |
| OJS 236 Notice of Order | | LEWIS , JEFFREY P | 08/28/2014 | 08:58:40 AM | View Image |
| OJS 236 Notice of Order | | MURPHY, ROBERT J | 08/28/2014 | 08:58:40 AM | View Image |

| Document | Description | Party | Date | Time | Image |
|---|---|---|---|---|---|
| OJS 236 Notice of Order | | LEWIS , JEFFREY P | 08/28/2014 | 09:14:46 AM | View Image |
| OJS 236 Notice of Order | | | 08/28/2014 | 09:14:46 AM | View Image |
| OJS 236 Notice of Order | | TROY , PAUL C | 08/28/2014 | 09:14:46 AM | View Image |
| OJS 236 Notice of Order | | MURPHY, ROBERT J | 08/28/2014 | 09:14:46 AM | View Image |
| Order Granting Petition to Allow Service | (DURHAM, J. 8/27/14) 236 N/S 9/2/14 | | 08/28/2014 | 09:14:46 AM | View Image |
| Sheriff's Service Process Receipt, and Affidavit of Return | MICHELE MARINARI NOT SERVED 8.14.14 $50.50 | | 09/15/2014 | 01:37:28 PM | View Image |
| Praecipe to Reinstate Complaint | | | 09/25/2014 | 01:33:26 PM | |
| Praecipe to Reinstate Complaint | | | 09/25/2014 | 01:40:12 PM | |
| Receivable 164303 Waived For $9.26 | | | 09/25/2014 | 01:48:55 PM | |
| Receivable 193492 Waived For $10.00 | | | 09/29/2014 | 10:31:03 AM | |
| Receivable 171876 Waived For $5.55 | | | 09/29/2014 | 10:32:15 AM | |
| Receivable 180970 Waived For $16.67 | | | 09/29/2014 | 10:41:41 AM | |
| Receipt# 089256 generated for the amount of $ 10.00 | | | 09/29/2014 | 10:54:24 AM | |
| Motion for Sanctions | PLAINTIFF ROBERT MURPHYS MOTION FOR SANCTIONS TO COMPEL DEFENDANTS ROBERT MORRIS, MORRIS & CLEMM PC, FRANK WILLIAMS, ODONNELL,HAGNER AND WILLIAMS PC AND WESTPOST INSURANCE COMPANY TO ANSWER INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS | | 10/03/2014 | 03:59:43 PM | View Image |
| Receipt# 090138 generated for the amount of $ 25.00 | | | 10/03/2014 | 03:59:55 PM | |
| Sheriff's Service Process Receipt, and Affidavit of Return | MICHELE MARINARI SERVED BY POSTING 10.1.14 $50.50 | | 10/07/2014 | 09:25:06 AM | View Image |
| Sheriff's Service Process Receipt, and Affidavit of Return | MICHELLE FRANK SERVED 10.9.2014 $50.50 | | 10/21/2014 | 12:22:27 AM | View Image |
| Opposition | | | 10/23/2014 | 02:57:06 PM | View Image |
| Answer | DEFENDANT ROBERT MORRIS, ESQUIRE AND MORRIS & CLEMM, P.C.'S ANSWER TO PLAINTIFF'S MOTION FOR SANCTIONS TO COMPEL DEFENDANTS' ANSWERS TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND EXTEND THE DISCOVERY DEADLINE | | 10/24/2014 | 11:30:47 AM | View Image |
| Motion for Protective Order | DEFENDANTS ROBERT MORRIS, ESQUIRE AND MORRIS & CLEMM, P.C.'S MOTION FOR PROTECTIVE ORDER. WITH MEMORANDUM OF LAW | | 10/31/2014 | 11:16:30 AM | View Image |
| Reply | PLAINTIFF'S REPLY BRIEF SUR PLAINTIFF'S MOTION FOR SANCTIONS TO TO COMPEL DEFENDANTS, ROBERT MORRIS AND MORRIS & CLEEMM, P.C., TO FILE FULL AND COMPLETE ANSWERS TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND EXTEND THE DISCOVERY DEADLINE PURSUANT TO A;;OCABLE LAW AND RULES | | 11/03/2014 | 11:10:50 AM | View Image |
| Reply | PLAINTIFF'S REPLY BRIEF SUR PLAINTIFF'S MOTION FOR SANCTIONS TO COMPEL DEFENDANTS, ROBERT MORRIS AND MORRIS & CLEMM, P.C., TO FILE FULL AND COMPLETE ANSWERS TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF | | 11/03/2014 | 02:54:44 PM | View |

| | | | | |
|---|---|---|---|---|
| | DOCUMENTS AND EXTEND THE DISCOVERY DEADLINE PURSUANT TO APPLICABLE LAW AND RULES | | | Image |
| Judgment Entered Against | MICHELE FRANK | | 11/12/2014 10:45:19 AM | |
| Judgment Entered Against | MICHELE MARINARI | | 11/12/2014 10:45:26 AM | |
| OJS 236 Notice of Judgment | | MURPHY, ROBERT J | 11/12/2014 10:45:40 AM | View Image |
| OJS 236 Notice of Judgment | | | 11/12/2014 10:45:40 AM | View Image |
| Default Judgment | ENTERED AGAINST DEFENDANT MICHELE FRANK AKA MICHELE MARIANARI FOR FAILURE TO FILE AN ANSWER. | | 11/12/2014 10:45:40 AM | View Image |
| Receipt# 095716 generated for the amount of $ 17.50 | | | 11/12/2014 10:48:20 AM | |
| Response | PLAINTIFF'S RESPONSE AND OBJECTIONS TO THE MOTION FOR PROTECTIVE ORDER FILED OCTOBER 31, 2014 BY DEFENDANTS' ROBERT MORRIS AND MORRIS & CLEMM, P.C. WITH MEMORANDUM OF LAW | | 11/19/2014 11:13:26 AM | View Image |
| Memorandum of Law | ROBERT MORRIS, ESQUIRE AND MORRIS & CLEMM, P.C.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS TO COMPEL DEFENDANTS' ANSWERS TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND EXTEND THE DISCOVERY DEADLINE | | 11/20/2014 10:49:34 AM | View Image |
| Motion for Sanctions | PLAINTIFF'S MOTION FOR SANCTIONS TO COMPEL DEFENDANTS FRANK WILLIAMS, O'DONNELL HAGNER & WILLIAMS P.C. AND WESTPORT INSURANCE COMPANY TO APPEAR FOR THEIR PRE-TRIAL DEPOSITIONS AND INDETIFY AND PRODUCE RECORDS PURSUANT TO APPLICABLE LAW INCLUDING P.A.R.C.P. 4019 | | 11/21/2014 01:03:26 PM | View Image |
| Receipt# 097326 generated for the amount of $ 25.00 | | | 11/21/2014 01:04:59 PM | |
| Mail returned- USPS | | | 11/23/2014 11:34:33 AM | View Image |
| Receipt# 097634 generated for the amount of $ 50.00 | | | 11/24/2014 03:04:12 PM | |
| Motion for Summary Judgment | WITH ATTACHED LETTERS OF DECEMBER 2, 2014 AND NOVEMBER 19, 2014 CONFIRMING THAT OJS RECEIVED MOTION ORIGIANALLY ON 11/21/14, BUT ERRONEOUSLY RETURNED. | | 11/24/2014 03:11:44 PM | View Image |
| Praecipe with Fee | PRAECIPE FOR ORAL ARGUMENT | | 12/01/2014 02:15:48 PM | View Image |
| Receipt# 098240 generated for the amount of $ 10.00 | | | 12/01/2014 03:39:22 PM | |
| Pre-Trial Statement | DEFENDANTS PRE-TRIAL STATEMENT | | 12/05/2014 11:25:15 AM | View Image |
| Pre-Trial Statement | DEFENDANTS | | 12/08/2014 02:33:57 PM | View Image |
| Opposition | FRANK WILLIAMS, ESQUIRE, O'DONNELL, HAGNER AND WILLIAMS, P.C., AND WESTPORT INSURANCE COMPANY, PARTIAL OPPOSITION TO PLAINTIFF, ROBERT MURPHY'S, MOTION FOR SANCTIONS TO COMPEL DEFENDANTS, FRANK WILLIAMS, O'DONNELL, HAGNER AND WILLIAMS, P.C AND WESTPORT INSURANCE COMPANY, TO APPEAR FOR THEIR PRE-TRIAL DEPOSITIONS AND IDENTIFY AND PRODUCE RECORDS PURSUANT TO APPLICABLE LAW INCLUDING P.A.R.C.P. 4019 | | 12/11/2014 04:06:29 PM | View Image |
| Praecipe | PRAECIPE TO APPEND CORRECTED CERTIFICATE OF SERVICE | LEWIS , JEFFREY P | 12/15/2014 12:15:51 AM | View Image |
| Answer | PLAINTIFF'S ANSWER AND OBJECTIONS TO THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS' ROBERT MORRIS AND MORRIS AND CLEMM, P.C. FILED CONTRARY TO THE COURT'S PRIOR ORDERS AND APPLICABLE LAW INCLUDING PA.R.C.P. 1035.4 WITH MEMORANDUM OF LAW | | 12/16/2014 03:20:47 PM | View Image |
| Certification | OF MAILING | | 12/18/2014 12:10:55 AM | |

| | | | | |
|---|---|---|---|---|
| Plaintiff's Pretrial Statement | | | 12/22/2014 | 10:53:51 AM |
| Motion for Continuance | PLAINTIFF'S MOTION FOR CONTINUANCE | | 12/22/2014 | 10:53:53 AM |
| OJS 236 Notice of Order | | LEWIS , JEFFREY P | 12/23/2014 | 09:20:11 AM |
| OJS 236 Notice of Order | | TROY , PAUL C | 12/23/2014 | 09:20:11 AM |
| OJS 236 Notice of Order | | MURPHY, ROBERT J | 12/23/2014 | 09:20:11 AM |
| Order | ORAL ARGUMENT ON ALL OUTSTANDING MOTIONS SHALL OCCUR ON JANUARY 26, 2015 AT 2:00PM IN COURTROOM 11 DELAWARE COUNTY COURTHOUSE | | 12/23/2014 | 09:20:11 AM |
| Praecipe to Withdraw | DEMAND FOR TRIAL BY JURY IS WITHDRAWN | | 12/23/2014 | 12:09:46 AM |
| Receipt# 101624 generated for the amount of $ 10.00 | | | 12/23/2014 | 02:05:58 PM |
| OJS 236 Notice of Order | 236 N/S 01/02/2015 | LEWIS , JEFFREY P | 12/31/2014 | 09:52:00 AM |
| OJS 236 Notice of Order | 236 N/S 01/02/2015 | TROY , PAUL C | 12/31/2014 | 09:52:00 AM |
| Order | AMENDED ORDER IT IS HEREBY ORDERED THAT ALL OUTSTANDING MOTIONS SHALL OCCUR ON TUESDAY, JANUARY 20, 2015 AT 10:30 AM. (GREEN, J. 12/31/2014) | | 12/31/2014 | 09:52:00 AM |
| OJS 236 Notice of Order | 236 N/S 01/02/2015 | MURPHY, ROBERT J | 12/31/2014 | 09:52:00 AM |
| Response | FRANK WILLIAMS, ESQUIRE, O;DONNELL, HAGNER AND WILLIAMS, P.C., AND WESTPORT INSURANCE COMPANY'S, RESPONSE TO PLAITNIFFS' MOTION FOR A CONTINUANCE | | 01/12/2015 | 02:05:03 PM |
| Petition for Stay | PLAINTIFF'S MOTION FOR STAY | | 01/16/2015 | 01:13:39 PM |
| Order Granting Stay of Bankruptcy Court | (GREEN, J. 236 N/S 01/30/15) | | 01/29/2015 | 02:22:00 PM |
| OJS 236 Notice of Order | | | 01/29/2015 | 02:22:50 PM |
| OJS 236 Notice of Order | | MURPHY, ROBERT J | 01/29/2015 | 02:22:50 PM |
| OJS 236 Notice of Order | | LEWIS , JEFFREY P | 01/29/2015 | 02:22:50 PM |
| OJS 236 Notice of Order | | TROY , PAUL C | 01/29/2015 | 02:22:50 PM |

# EXHIBIT "C"

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

ROBERT J. MURPHY

v.

MICHELE FRANK, ROBERT MORRIS, ESQ.,
MORRIS & CLEMM, P.C., FRANK WILLIAMS,
ESQ., O'DONNELL, HAGNER & WILLIAMS,
P.C., WESTPORT INSURANCE COMPANY

NO. 13-10207

## ORDER

**AND NOW**, this 28th day of January, 2015, upon consideration of the notice of Chapter 11 Bankruptcy filed by November 14, 2014 in the United States Bankruptcy Court, Eastern District of Pennsylvania, it is hereby ORDERED and DECREED that the above-captioned matter is automatically stayed pursuant to 11 U.S.C.A. § 362(a)(1). It is further ORDERED that the parties shall notify the Delaware County Civil Court Administrator, if and when the stay is lifted.

BY THE COURT:

G. MICHAEL GREEN,                    J.

cc:    Robert J. Murphy, Esquire
       Michele Frank, *pro se*
       Paul C. Troy, Esquire
       Jeffery P. Lewis, Esquire

# EXHIBIT "D"

Robert J. Murphy, Esq.
Attorney I.D. No. 15555
Law Offices of Robert J. Murphy
2341 Pennsylvania Avenue
Philadelphia, PA 19130
(215) 567-5300
*Attorney Pro Se*

---

**IN THE COURT OF COMMON PLEAS OF
DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION-EQUITY**

Robert J. Murphy                      :          N0. 2013-10207
    Plaintiff

                       :

V.

                       :

Michele Frank
A/K/A Michele Marinari                :
and
Robert Morris, Esq.                   :
Morris and Clemm, P.C.
and
Frank Williams, Esq.,
O'Donnell, Hagner & Williams, P.C.    :
and
Westport Insurance Company
    Defendants

---

**PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF
DOCUMENTS DIRECTED TO ALL DEFENDANTS AND EACH OF THEM,
INCLUDING MICHELE FRANK A/K/A MICHELE MARINARI, ROBERT MORRIS,
ESQ., MORRIS AND CLEMM, P.C., FRANK WILLIAMS, ESQ., O'DONNELL,
HAGNER & WILLIAMS, P.C. AND WESTPORT INSURANCE COMPANY,
PURSUANT TO PA. R.C.P. 4001, 4003.1, 4003.2, 4003.3, 4003.4, 4003.5, 4005, 4006,
4007.4, 4009.1, 4009.11**

Plaintiff, Robert J. Murphy, demands defendants, Michele Frank A/K/A Michele

Marinari, Westport  Insurance Company, Robert F. Morris, Esquire and Morris & Clemm, P.C. ,

Frank Williams, Esquire and O'Donnell, Hagner & Williams, P.C  answer the following

1

interrogatories and request for production of documents within thirty (30) days from the date of service on all the foregoing captioned defendants on March 20, 2014 in accordance with the attached certificate of service incorporated herein. These interrogatories are continuing, and Defendants are required to supplement their answers pursuant to Pa. R.C.P. 4007.4 including as additional or different information and/or documents become known or available.

## DEFINITIONS

A. "You" or "your" refers to Defendant(s) herein and to all other persons acting or purporting to act on behalf of Defendant(s), including agents, employees and attorneys.

B. "Communications" shall include but not limited to: all inquiries, discussions, conversations, transfers, obligations, negotiations, agreements, agreements, contracts, releases, invoices, fees, fee agreements, payments, checks, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse and/or electronic communications without limitation.

C. "Documents" shall mean all electric, written or graphic matter of every kind or description, however, produced or reproduced, whether draft or final, original or reproduction signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, letters, correspondence, judgments, bank accounts, escrow accounts, deposits, transfers, obligations, payments, facsimiles, e-mail, memoranda, agreements, contracts, releases, minutes, notes, films, recordings, of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices, payments, requisitions or material similar to any of the

2

foregoing however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have had or can obtain access or other forms of records, documents, verbal and/or communicative intercourse and/or electronic communications without limitation.

D. "Persons" means an individual, corporation, partnership, trust, associations, company, organization, or any form of a business or commercial entity.

E. "Identify" when used with respect to an a defendant including any corporation, partnership or individual, means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

F. "Identify" when used with respect to a document, means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a statement and description of its subject matter and size. In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

G. "Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

H. "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

I. This request is continuing up to and at the time of trial.

J. For purposes of the Rule, a statement shall include but not limited to all: (1) electronic, recorded, written statement, signed or otherwise adopted or approved by the person making it, or

3

(2) A stenographic, mechanical, electronic, videographic or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously and/or subsequently recorded recorded.

1. Identify the current and last known address and whereabouts of defendant Michele Frank A/K/A Michele Marinari (hereinafter Marinari).

2. Identify all communications and contacts among defendant Michele Frank A/K/A Michele Marinari with all defendants including Robert Morris, Esq., Morris and Clemm, P.C., Frank Williams, Esq., O'Donnell, Hagner & Williams, P.C. and Westport Insurance Company.

4

3.  Identify all documents and communications including any and all judgments, settlements, contracts, fee agreements, releases, payments, checks, transfers, obligations and agreements by defendant, Marinari, with any and all defendants including Robert Morris, Esq., Morris and Clemm, P.C., Frank Williams, Esq.,  O'Donnell, Hagner & Williams, P.C. and Westport Insurance Company.

4. Identify whether any actions by Marinari against Frank Williams, Esq. and O'Donnell, Hagner and Williams, P.C. including but not limited to Marinari's action against Frank Williams, Esq. and O'Donnell, Hagner and Williams, P.C in the Delaware County Court of Common Pleas No. 2009-005606 were settled, discontinued and ended and all the circumstances surrounding the action including but not limited to any settlement, transfers, obligations and terms upon which the action was settled, discontinued or ended.

5.    Identify in detail all communications and documents involving any proceedings or actions involving Marinari by or against anyone including plaintiff, Robert Murphy, and the judgment creditor, Goodman, and all communications and documents involving any foregoing actions involving Marinari.

6. Identify and produce all records and documents upon which your answers to the preceding interrogatories are based.

7. Identify all persons who were involved or participated in preparing your answers to all the foregoing interrogatories and production of documents.

BY: _____

Robert J. Murphy, Esquire

*Attorney Pro Se*

9

Robert J. Murphy, Esq.
Attorney I.D. No. 15555
Law Offices of Robert J. Murphy
2341 Pennsylvania Avenue
Philadelphia, PA 19130
(215) 567-5300
*Attorney Pro Se*

---

## IN THE COURT OF COMMON PLEAS OF
## DELAWARE COUNTY, PENNSYLVANIA
## CIVIL ACTION-EQUITY

Robert J. Murphy                         :           N0. 2013-10207
    Plaintiff
                                         :

V.                                       :

Michele Frank                            :
A/K/A Michele Marinari, et al
    Defendants               :
                                         :

---

### CERTIFICATE OF SERVICE

    I, Robert J. Murphy, Esquire do hereby certify that plaintiffs' interrogatories and request

for production of documents directed to all defendants and each of them, including Michele

Frank a/k/a Michele Marinari, Robert Morris, Esq., Morris and Clemm, P.C.., Frank Williams,

Esq., O'donnell, Hagner & Williams, P.C. and Westport Insurance Company, pursuant to Pa.

R.C.P. 4001, 4003.1, 4003.2, 4003.3, 4003.4, 4003.5, 4005, 4006, 4007.4, 4009.1, 4009.11 were

served on all defendants' counsel and unrepresented parties via First Class Mail, Postage

Prepaid on March 20, 2014 at the below listed addresses:

    Michele Frank
    A/K/A Michele Marinari
    19 Homestead Lane
    Royersford, PA  19468

1

Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, Pa   19102

Kane, Pugh, Knoell, Troy & Kramer, LLP
Paul C. Troy, Esquire
510 Swede Street
Norristown, PA   19401
Counsel for Robert Morris and Morris and Clemm, P.C.


BY: _____
Robert J. Murphy, Esquire
Attorney Pro Se

2

# EXHIBIT "E"

KANE, PUGH, KNOELL, TROY & KRAMER LLP
BY: **PAUL C. TROY, ESQUIRE**
ATTORNEY I.D. NO. 60875
510 SWEDE STREET
NORRISTOWN, PA 19401
(610) 275-2000

ATTORNEY FOR DEFENDANTS
ROBERT MORRIS, ESQUIRE
MORRIS & CLEMM, P.C.

| | | |
|---|---|---|
| ROBERT J. MURPHY | : | COURT OF COMMON PLEAS |
| | : | DELAWARE COUNTY, PA |
| v. | : | |
| | : | |
| MICHELLE FRANK, ROBERT MORRIS, ESQ., | : | |
| MORRIS & CLEMM, P.C., FRANK WILLIAMS, | : | |
| ESQ., O'DONNELL, HAGNER & WILLIAMS, | : | NO. 2013-10207 |
| P.C., WESTPORT INSURANCE COMPANY | : | |

### DEFENDANTS ROBERT MORRIS, ESQUIRE AND MORRIS & CLEMM, P.C.'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendants Robert Morris, Esquire and Morris & Clemm, P.C. hereby answer and object to Plaintiff's Interrogatories as follows:

### GENERAL OBJECTIONS

1.      Defendants object to the propounded discovery requests to the extent that they seek documents or other information protected from discovery by the attorney-client privilege, the work product privilege, or other applicable privilege.

2.      Defendants object to the propounded discovery requests to the extent that they attempt to expand and impose greater burdens than permitted or required by the Pennsylvania Rules of Civil Procedure.

3.      Defendants object to the propounded discovery requests to the extent they seek the disclosure of documents or other information that are confidential.

4.      Defendants object to the propounded discovery requests to the extent that they

seek information that is not relevant, and to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

5.     Defendants object to the propounded discovery requests to the extent that they are designed to cause unreasonable burden, annoyance, expense or harassment to Defendants and/or were propounded for an improper purpose.

6.     Defendants object to the propounded discovery requests because they are vague, ambiguous and/or overbroad.

7.     Defendants reserve the right, but do not hereby assume the obligation, to alter, amend or supplement these responses and objections as may be appropriate or necessary, in accordance with the Pennsylvania Rules of Civil Procedure.

8.     Defendants object to the propounded discovery requests to the extent that they require Defendants to seek information and/or documents in the possession of another party or to which Plaintiff has equal access thereto.

9.     Defendants object to the propounded discovery requests to the extent that they request information in the public domain that is equally available to all parties.

10.     Defendants object to the propounded discovery requests to the extent that they are unreasonably cumulative or duplicative.

11.     Defendants' responses are without waiver of Defendants' right to object to further discovery or to refuse to supplement these responses in the future.

12.     Defendants reserve all objections that may be available to Defendants at any hearing or trial or upon any motion and to the use or admissibility of any answer and/or material produced.

13.     The failure of Defendants to make a specific response to a particular discovery

request does not and shall not be construed as an admission that Defendants have information, knowledge, or belief in response thereto.

14.    Defendants' responses shall not be construed as an admission as to the existence, relevance, or admissibility of any document or to the truth of the contents thereof.

The foregoing General Objections will be deemed to be continuing throughout the responses that follow, whether or not expressly referred to therein. The stating of addition or other specific objections shall not constitute a waiver or limitation of any of the General Objections.

## SPECIFIC ANSWERS AND OBJECTIONS

1.    Identify the current and last known address and whereabouts of defendant Michele Frank A/K/A Michele Marinari (hereinafter Marinari).

**ANSWER:** Objection. Defendants hereby object to this interrogatory on the basis that the information sought is protected by the attorney-client and/or work product privilege. Additionally, Defendants object to this discovery request to the extent it seeks the disclosure of documents or other information that are confidential. Defendants further object to this discovery request to the extent that it is designed to cause unreasonable burden, annoyance, expense or harassment to Defendants and/or was propounded for an improper purpose. Finally, Defendants object to this interrogatory to the extent that it attempts to expand and impose greater burdens than permitted or required by the Pennsylvania Rules of Civil Procedure.

2.    Identify all communications and contacts among defendant Michele Frank A/K/A Michele Marinari with all defendants including Robert Morris, Esquire, Morris & Clemm, P.C., Frank Williams, Esquire, O'Donnell, Hagner & Williams, P.C., and Westport Insurance

Company.

**ANSWER**: Objection. Defendants hereby object to this interrogatory on the basis that the information sought is protected by the attorney-client and/or work product privilege. Additionally, Defendants object to this discovery request to the extent it seeks the disclosure of documents or other information that are confidential. Defendants further object to this discovery request to the extent that it is designed to cause unreasonable burden, annoyance, expense or harassment to Defendants and/or was propounded for an improper purpose. Finally, Defendants object to this interrogatory to the extent that it attempts to expand and impose greater burdens than permitted or required by the Pennsylvania Rules of Civil Procedure.

3.      Identify all documents and communications including any and all judgments, settlements, contracts, fee agreements, releases, payments, checks, transfers, obligations and agreements by defendant, Marinari, with any and all defendants including Robert Morris, Esquire, Morris & Clemm, P.C., Frank Williams, Esquire, O'Donnell, Hagner & Williams, P.C., and Westport Insurance Company.

**ANSWER**: Objection. Defendants hereby object to this interrogatory on the basis that the information sought is protected by the attorney-client and/or work product privilege. Additionally, Defendants object to this discovery request to the extent it seeks the disclosure of documents or other information that are confidential. Defendants further object to this discovery request to the extent that it is designed to cause unreasonable burden, annoyance, expense or harassment to Defendants and/or was propounded for an improper purpose. Finally, Defendants object to this interrogatory to the extent that it attempts to expand and impose greater burdens than permitted or required by the Pennsylvania Rules of Civil Procedure.

4.      Identify whether any actions by Marinari against Frank Williams, Esquire,

O'Donnell, Hagner & Williams, P.C. including but not limited to Marinari's action against Frank Williams, Esquire, O'Donnell, Hagner & Williams, P.C. in the Delaware County Court of Common Pleas No. 2009-005606 were settled, discontinued and ended and all the circumstances surrounding the action including but not limited to any settlement, transfers, obligations and terms upon which the action was settled, discontinued or ended.

**ANSWER:** Objection. Defendants hereby object to this interrogatory on the basis that the information sought is protected by the attorney-client and/or work product privilege. Additionally, Defendants object to this discovery request to the extent it seeks the disclosure of documents or other information that are confidential. Defendants further object to this discovery request to the extent that it is designed to cause unreasonable burden, annoyance, expense or harassment to Defendants and/or was propounded for an improper purpose. Defendants also object to this interrogatory to the extent that it attempts to expand and impose greater burdens than permitted or required by the Pennsylvania Rules of Civil Procedure. Finally, Defendants object to this interrogatory to the extent that it requests information in the public domain that is equally available to all parties

5.      Identify in detail all communications and documents involving any proceeding or actions involving Marinari by or against anyone including plaintiff, Robert Murphy, and the judgment creditor, Goodman, and all communications and documents involving any foregoing actions involving Marinari.

**ANSWER:** Objection. Defendants hereby object to this interrogatory on the basis that the information sought is protected by the attorney-client and/or work product privilege. Additionally, Defendants object to this discovery request to the extent it seeks the disclosure of documents or other information that are confidential. Defendants further object to this discovery

request to the extent that it is designed to cause unreasonable burden, annoyance, expense or harassment to Defendants and/or was propounded for an improper purpose. Finally, Defendants object to this interrogatory to the extent that it attempts to expand and impose greater burdens than permitted or required by the Pennsylvania Rules of Civil Procedure.

6.      Identify and produce all records and documents upon which your answers to the preceding interrogatories are based.

**ANSWER**: Objection. Defendants hereby object to this interrogatory on the basis that the information sought is protected by the attorney-client and/or work product privilege. Additionally, Defendants object to this discovery request to the extent it seeks the disclosure of documents or other information that are confidential. Defendants further object to this discovery request to the extent that it is designed to cause unreasonable burden, annoyance, expense or harassment to Defendants and/or was propounded for an improper purpose. Finally, Defendants object to this interrogatory to the extent that it attempts to expand and impose greater burdens than permitted or required by the Pennsylvania Rules of Civil Procedure.

7.      Identify all persons who were involved or participated in preparing your answers to all the foregoing interrogatories and requests for production of documents.

**ANSWER**: Our attorneys, Paul C. Troy, Esquire and Ashley V. Trotter, Esquire of the law firm of Kane, Pugh, Knoell, Troy & Kramer, LLP assisted in the preparation of the foregoing objections to Plaintiff's discovery requests.

                           **KANE, PUGH, KNOELL, TROY & KRAMER, P.C.**


                           BY:    _____
                                  PAUL C. TROY, ESQUIRE

## DISCOVERY

Months ago, Plaintiff served discovery requests on all Defendants, seeking information that is protected by the attorney-client and/or work product privilege. We served him with objections and Plaintiff has not taken any measures to strike those objections. We also filed a Motion for Protective Order, seeking to preclude any participation in discovery until after the Preliminary Objections were ruled upon. However, it was denied by Order dated July 10th.

April 10, 2015

July 13, 2015

## DISCOVERY

Months ago, Plaintiff served discovery requests on all Defendants, seeking information that is protected by the attorney-client and/or work product privilege. We served him with objections and Plaintiff has not taken any measures to strike those objections.

There is a clear dispute as to the appropriateness of Plaintiff's discovery and there are several motions pending before Court regarding these issues. We have not produced any documents or information responsive to his requests at this time nor will we until so directed by the Court. I have prepared a privilege log for the few documents that we are withholding.

The Williams Defendants have similar objections to Plaintiff's discovery. They are currently in the process of preparing a privilege log. It is taking quite some time, so I can only assume that it is extensive.

# EXHIBIT "F"

Robert J. Murphy, Esquire
Law Offices of Robert J. Murphy, P.C.
IDENTIFICATION NO. 15555
2341 Pennsylvania Avenue
Philadelphia, PA  19130
(215)567-5300
*Attorney Pro Se*

## IN THE COURT OF COMMON PLEAS OF
## DELAWARE COUNTY, PENNSYLVANIA
## CIVIL ACTION-EQUITY

Robert J. Murphy                    :            NO.  2013-10207
Plaintiff

                                    :

V.                                  

                                    :

Michele Frank, et al,               :
Defendants

## ORDER

And now, this                          day of January 2015,  the hearing scheduled for

January 20, 2015 at 10:30 a.m. in the captioned matter is cancelled pursuant to 11 U.S.C.A. 362

and applicable law.

                                    J._____

                                    G. Michael Green

Robert J. Murphy, Esquire
Law Offices of Robert J. Murphy, P.C.
IDENTIFICATION NO. 15555
2341 Pennsylvania Avenue
Philadelphia, PA  19130
(215)567-5300
Attorney Pro Se

## IN THE COURT OF COMMON PLEAS OF
## DELAWARE COUNTY, PENNSYLVANIA
## CIVIL ACTION-EQUITY

Robert J. Murphy            :
Plaintiff                   :
                            :          NO.  2013-10207
V.                          :
                            :
Michele Frank, et al,       :
Defendants_____

## PLAINTIFF'S MOTION FOR STAY

Plaintiff hereby respectfully reiterates his requests the Court continue/stay the captioned

matter including the deadlines in the Court's Case Management order and trial assignment dated

August 22, 2014  including discovery and trial deadlines and in support thereof asserts the

following.

1.      As the parties and the Court are aware it is undisputed that defendant, Marinari, very

recently filed for bankruptcy in the United States District Court for the Eastern District of

Pennsylvania No. 14-19066-JKF.  See e.g. defendant, Westport's, response to plaintiff's pending

motion for continuance as a result of the foregoing bankruptcy, inter alia.  Under the

circumstances plaintiff unfortunately submits the captioned matter is subject to the automatic

stay provided under the Bankruptcy Code and applicable law pursuant to 11 U.S.C.A. 362, inter

alia.  Accordingly plaintiff suggests that the hearing on pending motions scheduled for January

20, 2015 in the captioned matter must be stayed/continued pursuant to the foregoing provisions

under the Code, inter alia.

Respectfully submitted,

Robert J. Murphy, Esquire

Pro Se

Robert J. Murphy, Esquire
Law Offices of Robert J. Murphy, P.C.
IDENTIFICATION NO. 15555
2341 Pennsylvania Avenue
Philadelphia, PA  19130
(215)567-5300
*Attorney Pro Se*

## IN THE COURT OF COMMON PLEAS OF
## DELAWARE COUNTY, PENNSYLVANIA
## CIVIL ACTION-EQUITY

| | | |
|---|---|---|
| Robert J. Murphy<br>Plaintiff | : | NO. 2013-10207 |
| v. | : | |
| Michele Frank, et al,<br>Defendants | : | |

## CERTIFICATE OF SERVICE

I Robert J. Murphy, Esquire do hereby certify that the original of Plaintiff's Motion for

Stay in the captioned matter was filed with the Delaware County Court of Common Pleas Office

of Judicial Support, via hand delivery on January 16, 2015 and true and correct copies thereof

were served via fax and U.S. First Class United States mail, postage prepaid on the below listed

parties on January 16, 2015 .

The Honorable G. Michael Green
Court of Common Pleas Delaware County
Thirty-Second Judicial District
Courthouse
Media PA 19063


Eckert Seamans Cherin & Mellott, LLC

1

Joshua Kirsch, Esquire
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, Pa   19102


Kane, Pugh, Knoell, Troy & Kramer, LLP
Paul C. Troy, Esquire
510 Swede Street
Norristown, PA   19401
Counsel for Robert Morris and Morris and Clemm, P.C.

BY: _____
Robert J. Murphy, Esquire
*Attorney Pro Se*

2

# EXHIBIT "G"

Robert J. Murphy, Esquire
Attorney I.D. No. 1555
227 Brazilian Avenue
Palm Beach, FL  33480
*Attorney Pro Se*

---

## U.S. BANKRUPTCY COURT

## EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

IN RE MICHELE MARINARI          :    CASE NO.  2:14-BK-19066-JKF

Judgment Debtor                 :    Chapter 13

309 Conestoga Way
Norristown, PA  19403
Montgomery-PA
P.O. Box 416
Eagleville, PA  19408
Montgomery-PA


Robert J. Murphy              :    Adv. Proc. No._____
227 Brazilian Avenue
Palm Beach, FL  33480         :
      Plaintiff/Judgment Creditor
                              :

      v.                      :    JURY TRIAL DEMAND

Michele Frank a/k/a Michele
Marinari
309 Conestoga Way
Norristown, PA  19403
Montgomery-PA
P.O. Box 416
Eagleville, PA  19408
Montgomery-PA
      Defendant/Judgment Debtor    :

---

**PLAINTIFF/JUDGMENT CREDITOR'S, ROBERT MURPHY'S,
ADVERSARYCOMPLAINT/PROCEEDINGS/OBJECTIONS TO
DISCHARGEABILITY OF JUDGMENT DEBTOR'S, MICHELE FRANK A/K/A
MICHELE MARINARI'S, JUDGMENT DEBT OWING TO ROBERT MURPHY**

1

## PURSUANT TO APPLICABLE LAW AND DECISIONS INCLUDING 11 U.S.C.A. SECTION 523 (a) (2) (A) (B)

1.     At all times material hereto, Plaintiff, judgment creditor, Robert J. Murphy, is an individual residing in Palm Beach, Florida at the above address with an office located at 7 Coopertown Road, Haverford, PA within the Eastern District of Pennsylvania and is the judgment creditor in the captioned bankruptcy matter and files the within adversary complaint/proceedings/objections to dischargeability pursuant to applicable law and decisions including 11 U.S.C.A. Section 523 (a) (2) (A) (B).

2.     At all times material hereto, Petitioner/Defendant, Michele Frank a/k/a Michele Marinari (judgment debtor), is an individual purportedly currently residing at the above address and the defendant/judgment debtor in the civil action in the Delaware County Court of Common Pleas, Pennsylvania Docket No. 2004-14217 who filed a purported petition    under the Bankruptcy Code, Chapter 13  on or about November 14, 2014 in bad faith in the United States Bankruptcy Court, Eastern District of Pennsylvania captioned:  In re Michele Marinari Case No. 2:14-BK-19066-JKF Chapter 13.

3.     At all times material hereto, the deadline for filing claims in the captioned bankruptcy matter is apparently May 13, 2015 with a scheduled objections to dischargeability on/or about March 27, 2015.

4.     At all times material hereto, on or about November 24, 2004 plaintiff/judgment creditor, Robert Murphy,  commenced a civil action against defendant, Mrs. Michele Frank a/k/a Michele Marinari, the judgment debtor, in the Delaware County Court of Common Pleas, Pennsylvania at No. 2004-14217 on the basis that the defendant/ judgment debtor, Michele Frank a/k/a Michele Marinari, obtained money and property and incurred a debt owing to Robert Murphy the judgment creditor by reason of continuous false pretenses, false misrepresentations and actual

2

fraud including but not limited to the judgment debtor's continuous knowingly false material misrepresentations intended to deceive and induce plaintiff to hire and pay judgment debtor to restore plaintiff's vintage 1969 SL Mercedes Benz to original showroom as new operating condition relied upon by Robert Murphy, judgment creditor, causing damages to him. See, e.g. a true and correct copy of judgment creditor's foregoing complaint which is attached hereto as Exhibit 1 and incorporated herein.

5.    At all times material hereto, on or about September 13, 2006 after a full evidentiary hearing before the Delaware County Court of Common Pleas including testimony and review of all documents, the court entered a final judgment in the amount of $35,000 in the civil action in the Delaware County Court of Common Pleas at No. 2004-14217 in favor of Robert Murphy, judgment creditor, and against defendant, Michele Frank a/ka/ Michele Marinari, judgment debtor, based on judgment debtor's foregoing continuous false pretenses, false misrepresentations and actual fraud including but not limited to the judgment debtor's, Michele Marinari's, continuous knowingly false material misrepresentations intended to deceive and induce plaintiff to hire and pay debtor to restore plaintiff's vintage 1969 SL Mercedes Benz to original showroom as new operating condition relied upon by judgment creditor, Robert Murphy, causing damages to him. Attached hereto is a true and correct copy of the foregoing 9/13/06 judgment as Exhibit 2.

6.    At all times material hereto, the foregoing final judgment entered on September 13, 2006 in favor of Robert Murphy, judgment creditor, and against defendant, Michele Frank a/k/a Michele Marinari, judgment debtor, on the basis that the judgment debtor, Michele Frank a/k/a Michele Marinari, obtained money and property and incurred a debt/final judgment in the amount of $35,000 owing to judgment creditor, Robert Murphy, by continuous false pretenses,

false misrepresentations and actual fraud including but not limited to the judgment debtor's continuous knowingly false material misrepresentations intended to deceive and induce plaintiff to hire and pay judgment debtor to restore plaintiff's vintage 1969 SL Mercedes Benz to original showroom as new operating condition relied upon by Robert Murphy, judgment creditor, causing damages to him is res judicata and/or collaterally estops and precludes judgment debtor, Michele Frank a/k/a Michele Marinari, from discharging Robert Murphy's foregoing judgment debt in the amount of $35,000 pursuant to applicable law and decisions including 11 U.S.C.A. Section 523 (a) (2) (A) (B).

7.    At all times material hereto, judgment creditor, Robert Murphy, objects to judgment debtor, Michele Frank a/k/a Michele Marinari, discharging the foregoing judgment debt incurred by reason of judgment debtor's continuous false pretenses, false misrepresentations and actual fraud including but not limited to the judgment debtor's continuous knowingly false material misrepresentations intended to deceive and induce plaintiff to hire and pay judgment debtor, Michele Frank a/k/a Michele Marinari, to restore plaintiff's vintage 1969 SL Mercedes Benz to original showroom as new operating condition relied upon by Robert Murphy, plaintiff/judgment creditor, causing damages to him pursuant to applicable law and decisions including 11 U.S.C.A. Section 523 (a) (2) (A) (B).

8.    This Court has jurisdiction pursuant to 28 U.S.C.A. Section 157 (b) and Section 1334 and applicable law involving a core proceeding.

WHEREFORE, Robert Murphy, judgment creditor,  objects to  discharging judgement debtor's, Michele Frank a/k/a Michele Marinari's,  foregoing judgment debt to plaintiff/judgment creditor, Robert Murphy, in the amount of $35,000 plus interest incurred by reason of judgment debtor's, Michele Frank a/k/a Michele Marinari's, continuous false

4

pretenses, false misrepresentations and actual fraud and respectfully requests this Court enter an

order denying judgment debtor's, Michele Frank a/k/a Michele Marinari's, discharge of

judgment creditor's Robert Murphy's, foregoing judgment debt in the amount of $35,000 plus

interest, costs and attorney fees pursuant to applicable law and decisions including 11 U.S.C.A.

Section 523 (a) (2) (A) (B) and /or such other relief as warranted in the interest of justice.

Respectfully submitted,

BY:/s/

Robert J. Murphy, Esq.
*Attorney Pro Se*

# EXHIBIT 1

```
Robert J. Murphy, Esquire
IDENTIFICATION NO. 15555
2341 Pennsylvania Avenue
Philadelphia, PA 19130
(215) 567-5300
Attorney for J.M.,
Plaintiff
```

IN THE COURT OF COMMON PLEAS
OF DELAWARE COUNTY, PENNSYLVANIA
(CIVIL)

```
ROBERT J. MURPHY           :    NO. 04-14217
7 Coopertown Road
Haverford, PA 19041
     Plaintiff             :

     v.                    :

MR. & MRS. EVERITT FRANK,  :
HUSBAND H/W
&                          :
D/B/A/ DENTS AND DETAILS/THE :
WAX SHOP
226 East Lancaster Avenue
Wayne, PA 19087

     Defendants            :
```

## PLAINTIFF'S COMPLAINT, COUNT 1

1.  Robert J. Murphy is an adult individual residing at the above address at 7 Coopertown

    Road Haverford, PA 19041.

2.  At all times material hereto Defendants, Mr. and Mrs. Everitt Frank, husband and wife,

    doing business as Dents and Details and The Wax Shop, their predecessors, successors

    and assigns are individuals, partnerships and/or corporations with their principle place of

    business located at the above address and do business in and through the Commonwealth

1

of Pennsylvania, County of Delaware including shipment of goods and services therein.

3.    At all times material hereto Defendants, Mr. and Mrs. Everitt Frank, husband and wife, doing business as Dents and Details and The Wax Shop own, operate, maintain, possess and control the foregoing businesses including Dents and Details and The Wax Shop and/or The Wax Shop is successor in interest to Dents and Details located at the above address.

4.    At all times material hereto Defendants, above named, agreed to repair and restore Plaintiff's 1969 280-SL Mercedes Benz automobile to original showroom as new operating condition for the price of not more than $20,000 in accordance with the agreement to that effect between Plaintiff and Defendant dated 2/21/02, a true and correct copy of which is attached hereto as Exhibit A.

5.    At all times material hereto Defendants, above named, their predecessors, successors and assigns also continuously orally agreed to comply with all the terms and conditions of the attached agreement to restore Plaintiff's 1969 280-SL Mercedes Benz to original showroom as new operating condition through and including the present.

6.    At all times material hereto Plaintiff performed the terms of the attached agreement and paid Defendants and each of them $20,000 in full and final payment of Plaintiff's obligations under the agreement.

7.    At all times material hereto, Defendants and each of them, have continuously breached the attached agreement and have failed to restore Plaintiff's 1969 280-SL Mercedes Benz to original showroom as new operating condition and further failed to comply with the agreement, terms, conditions, warranties, and representations set forth therein as a result

2

of which Plaintiff has expended substantial additional money in excess of $6,500 in an

attempt to restore Plaintiff's 1969 blue 280-SL Mercedes Benz to original showroom as

new operating condition and has and will in the future continue to expend additional

monies therefore in excess of $6,500 resulting from defendants' continuing breach of its

obligations, terms, conditions, represenations and warranties under the agreement and

orally.

3.    At all times material hereto and through and including April thru August 2004

Defendants and each of them continuously represented that Defendants would comply

with all the terms, conditions and warranties set forth in the attached agreement including

but not limited to repayment of all additional monies expended by Plaintiff in an attempt

to restore Plaintiff's 1969 280-SL Mercedes Benz to original showroom as new operating

condition pursuant to work performed by other entities including Michael Tilson.

However, Defendants have and continue to refuse to comply with contracts, terms,

conditions, representations and warranties including repayment of all monies expended

by Plaintiff in an attempt to restore Plaintiff's 1969 280-SL Mercedes Benz to original

showroom as new operating condition.

3.    Defendants and each of them have continuously and fraudulently misrepresented to

Plaintiff that it will comply with the agreement, terms, conditions, representations and

warranties and restore Plaintiff's 1969 280-SL Mercedes Benz to original showroom as

new operating condition including but not limited to numerous telephone conversations

on and after May 2004 to the present, including but not limited to repayment of all

monies expended by Plaintiff in an attempt to restore Plaintiff's 1969 280-SL Mercedes

3

Benz to original showroom as new operating condition upon which Plaintiff relied, causing Plaintiff damages in excess of $6,500.

10.    Wherefore, Plaintiff claims compensatory and punitive damages in excess of $20,000 and together with cost, counsel fees, interest and penalties

**COUNT 2**

11.    Plaintiff incorporates herein by reference therefore as though fully set forth paragraphs 1 thru 10.

12.    At all times material hereto, Defendants and each of them, their predecessors, successors and assigns represented, warranted, advertised and agreed to provide all necessary services to effectuate the foregoing agreements including but not limited to the attached agreement between Plaintiff and Defendants, including their predecessors, successors, assigns, agents, servants and representatives and each of them and as a result of Defendants foregoing breach of duties, representation, terms, conditions, warranties and contract, Plaintiff has suffered damages in excess of $6,500 and will continue to suffer additional damages into the indefinite future.

13.    At all times material hereto, Defendants and each of them are engaged in trade, commerce and business including the restoration of automobiles and provide, sell and distribute such services and property including but not to Plaintiff.

14.    At all times material hereto, Plaintiff purchased the restoration services from Defendants and each of them primarily for Plaintiff's personal and family purposes and suffered an ascertainable loss of money and property rights including but not limited to damages and payments under the foregoing agreements, including the attached agreement, terms,

4

representations, conditions and warranties as a result of Defendants' breach of the

foregoing contract, terms, conditions and warranties and as a result of the use and

employment by Defendants and each of them of unfair, deceptive and unlawful methods,

acts and practices in violation of the unfair trade practices and consumer protection law,

73 P.S. Sec 201-1 et seq. and Sec 2-(4) and 9.2 thereunder.

15.    At all times material hereto, Defendants and each of them engaged in unlawful, unfair or

deceptive methods, acts and practices including but not limited to the following causing

the loss of Plaintiff's property rights, money and damages in breach of the foregoing

specific written and oral contracts, warranties, terms, conditions and guarantees to

effectuate the foregoing contract benefits to the Plaintiff in excess of $6,500 expended by

Plaintiff in an attempt to restore Plaintiff's 1969 280-SL Mercedes Benz to original

showroom as new operating condition and additional damages and expenditures into the

indefinite future including but not limited to the following: a) breach and failure to

comply with the terms of the foregoing specific oral and written agreements,

representations, guarantees, terms, conditions and warranties with Plaintiff that

Defendants and each of them would provide all necessary and adequate services to

effectuate and ensure Plaintiff would receive the benefit of his bargain, including but not

limited to restoration of Plaintiff's 1969 280-SL Mercedes Benz to original showroom as

new operating condition causing Plaintiff damages in excess of $6,500 and continuing

into the indefinite future in an attempt to restore Plaintiff's 1969 280-SL Mercedes Benz

to original showroom as new operating condition by other automotive restoration entities

including but not limited to Michael Tilson, Inc; b) misrepresenting and causing the

5

likelihood of confusion or misunderstanding that the services provided by defendants and

each of them would adequately comply with all the terms, conditions and warranties

under the foregoing agreements and effectuate the agreements, terms, conditions,

representations and warranties and provide specific benefits and approvals and were of a

particular standard and quality to ensure Plaintiff would receive the benefit of his bargain

in accordance with the foregoing specific oral and written agreements, terms,

representations, conditions and warranties to restore Plaintiff's 1969 280-SL Mercedes

Benz to original showroom as new operating condition; c) deliberately and repeatedly

breaching and failing to comply and effectuate all the foregoing written and oral

agreements, terms, representations conditions and warranties including repayment of all

the monies expended by Plaintiff including additional monies expended by Plaintiff in

the future in order to restore Plaintiff's 1969 280-SL Mercedes Benz to original

showroom as new operating condition .

16.    Wherefore, Plaintiff demands damages including compensatory and punitive damages

and treble damages as well as interest, costs and reasonable counsel fees in excess of

$20,000 against Defendants and each of them.


Respectfully submitted,


BY: _____

Robert J. Murphy, Esquire

Attorney for Plaintiff, Robert J. Murphy


6

## V E R I F I C A T I O N

    Robert J. Murphy, Esquire, hereby states that the allegations in the within complaint including attached exhibits and appendices are true and correct based on his personal knowledge, information and belief.

    The undersigned understands that the statements herein are made subject to the penalties of 18 Pa.C.S. Sec. 4904 relating to unsworn falsifications to authorities.

_____
Robert J. Murphy, Esquire

Date: _____7/21/05_____

7

# EXHIBIT A

Agreement to Restore A Blue 280-SL Mercedes Benz
1969 to Original Showroom/as New Operating Condition

It is hereby agreed by and between and Robert J. Murphy owner of a blue 1969 280-SL Mercedes Benz Convertible (hereinafter referred to as owner) and Everitt Frank doing business as The Wax Shop, 226 E. Lancaster Avenue, Wayne, PA (hereinafter referred to as contractor) that contractor (Mr. Frank) hereby covenants and agrees to provide all materials and perform all necessary work to restore owners' 280-SL Blue Mercedes Benz Convertible to its original showroom/as new operating condition for the agreed price of not less than $11,500.00 nor more than $20,000.00.

Without limitation to the foregoing, contractor agrees to provide all materials and perform all necessary work to restore owner's Blue 280-SL Mercedes Benz Convertible to its original showroom/as new operating condition including replacement and repair of all structural and mechanical parts of whatever kind or component including purchase and installation of a new original blue cloth Mercedes Convertible top. In accordance with this agreement, I acknowledge receipt of a check in the amount of $6,765.00, $6,500.00 of which proceeds are credited towards the full price herein of not more than $20,000.00, the remaining $265.00 had been paid for other services unrelated to this agreement. It is further agreed, that the payment schedule shall be as follows: the full agreed purchase price for the restoration of all body work to its original showroom/as new condition including all structural, interior and exterior work, new blue paint and installation of new original cloth convertible top shall be not less than $11,500.00 nor more than $15,000.00; all remaining work including repair, replacement and re-chrome of all chrome parts as well as the repair and replacement of all mechanical components to restore vehicle to its original/as new operating condition shall be not less than $3,000.00 nor more than $5,000.00. It is the expressed intent of the parties that the vehicle shall be restored to its original showroom/as new operating condition in every respect to the reasonable satisfaction of the owner. It is further agreed, that all work shall be completed on or before September 1, 2002 and that time is of the essence and a condition to this agreement. It is further agreed, that Mr. Everitt Frank doing business as The Wax Shop hereby expressly warrants that all work and materials in the performance of this agreement shall be free from all defects in workmanship and materials and that the vehicle shall be safe for its intended purpose for a period of five (5) years after completion of all work.

This agreement shall constitute the entire agreement between the parties hereto.

Mr. Everitt Frank, d/b/a The Wax Shop        Feb 20 TH /02

-1-

Case 14-19066-jkf    Doc 19    Filed 03/26/15    Entered 03/26/15 18:57:09    Desc Main
Document      Page 16 of 18

Robert J. Murphy
7 Coopertown Road
Haverford, PA  19041

DATE: _____2/2/02_____

-2-

# EXHIBIT 2

COURT OF COMMON PLEAS
DELAWARE COUNTY, PENNSYLVANIA

CASE CAPTION:

ROBERT J. MURPHY
Plaintiff

vs.

MR. AND MRS. EVERITT FRANK, h/w
d/b/a DENTS AND DETAILS / THE WAX
SHOP
Defendants

DOCKET NUMBER:

NO:    04-14217

CIVIL ACTION

ORDER

AND NOW, this 13th day of Sept, 2006, as the

Defendants failed to appear for the arbitration hearing scheduled in the above captioned

matter, and after a full evidentiary hearing that included testimony and review of all

documents, and being that all parties were notified as required by Delaware County Local

Rule1303(A)(1)(iii), it is hereby ORDERED that a judgment is entered in favor of

Plaintiff and against Defendants.  Damages are awarded in the amount of

$ 35,000.00

BY THE COURT:

J.