## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| Michele Marinari, | : | |
| Debtor. | : | Case No. 14-19066 (JKF) |

### ORDER GRANTING ROBERT MURPHY'S MOTION
### AND VACATING PRIOR DISMISSAL ORDER

**AND NOW,** this 20TH day of April, 2017, this Court having entered an Order, dated February 22, 2017 ("Dismissal Order"), granting the Application by Debtor to Voluntarily Dismiss her Chapter 13 Case pursuant to 11 U.S.C. § 1307(b), see Docket Entry No. 99;

**AND** creditor, Robert Murphy, Esquire, having filed a Notice of Appeal from the Dismissal Order on February 23, 2017, see Docket Entry No. 100;

**AND** Mr. Murphy having thereafter filed in this Court, on February 27, 2017, a timely motion ("Motion") to alter or amend, and for relief from, the Dismissal Order pursuant to Fed. R. Bankr. P. 7052, 9023 and 9024,[1] see Docket Entry No. 106;

**AND** this Court having held a hearing on the Motion on March 29, 2017, and having granted the Motion by Order, dated March 30, 2017 ("Reconsideration Order"), see Docket Entry No. 119;

---

[1] The Motion is titled "Motion to Reconsider, Vacate and Make Findings and/or Alter or Amend the Judgment and for Relief Under the United States Constitution, Amendment V, Applicable Law Including But Not Limited to Bankruptcy Rules 7052, 9023 and 9024." See Docket Entry No. 106.

**AND** Mr. Murphy's appeal of the Dismissal Order having been assigned to the Honorable Gerald J. Pappert, who issued an Order, dated April 7, 2017 ("Remand Order"), remanding the case to this Court, see Docket Entry No. 122;

**AND** the significant dates being:

    2/22/17 – Bankruptcy Court issued Dismissal Order

    2/23/17 – Murphy filed Notice of Appeal from Dismissal Order

    2/27/17 – Murphy filed Motion regarding Dismissal Order

    3/30/17 – Bankruptcy Court issued Reconsideration Order

    4/07/17 – District Court issued Remand Order

**AND** Judge Pappert having opined in a footnote in his Remand Order that this Court lacked jurisdiction to issue the Reconsideration Order;[2]

**AND** this Court, while surmising that it had jurisdiction to issue the Reconsideration Order,[3] respectfully heeding Judge Pappert's view of the law;

---

[2] Judge Pappert based his conclusion that this Court lacked jurisdiction to grant the Reconsideration Motion on case law from 1983 and earlier.

[3] Despite Mr. Murphy having filed his appeal, this Court deferentially suggests that it had jurisdiction to rule on his Motion based on Fed. R. Bankr. P. 8002(b). This rule provides, in pertinent part:

> (b) Effect of a Motion on the Time to Appeal
>
> (1) <u>In General</u>. If a party timely files in the bankruptcy court any of the following motions, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> > (A) to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment;

(continued...)

³(...continued)

>    (B) to alter or amend the judgment under Rule 9023;
>
>    (C) for a new trial under Rule 9023; or
>
>    (D) for relief under Rule 9024 if the motion is filed within 14 days after the judgment is entered.
>
>    (2) <u>Filing an Appeal Before the Motion is Decided</u>.  If a party files a notice of appeal after the court announces or enters a judgment, order, or decree — but before it disposes of any motion listed in subdivision (b)(1) — the notice becomes effective when the order disposing of the last such remaining motion is entered.

Fed. R. Bankr. P. 8002(b).  Significantly, except for motions under Rule 9024 upon which a 14 day limitation is imposed for purposes of Rule 8002(b), all of the motions listed in subsection (b)(1) must be filed within 14 days after entry of the applicable judgment or order. <u>See</u> Fed. R. Bankr. P. 7052; Fed. R. Bankr. P. 9023.

The Advisory Committee Notes to the 1994 Amendment of Rule 8002(b) explain the manner in which Rule 8002(b) is intended to operate when a notice of appeal is followed by a timely filing of a motion under Rule 7052, 9023 or 9024.  The Notes state, in pertinent part:

> This rule as amended provides that a notice of appeal filed before the disposition of a specified postjudgment motion will become effective upon disposition of the motion. **A notice [of appeal] filed before the filing of one of the specified motions** or after the filing of a motion but before disposition of the motion **is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the district court or bankruptcy appellate panel**.

Advisory Committee Notes for 1994 Amendments to Rule 8002(b) (emphasis added).  Case law supports this application of Rule 8002(b). <u>See</u> e.g., <u>Evans v. Codilis & Stawiarski (In re Evans)</u>, 2006 WL 626699, at *1-*3 (Bankr. N.D. Fla. March 9, 2006) (when a debtor files a notice of appeal and then files a timely motion for relief pursuant

(continued...)

**AND** this Court, therefore, issuing the instant Order to ensure the validity of its rulings regarding, and in response to, the Motion:

It is hereby **ORDERED** and **DECREED** that:

(1)    The Motion is **GRANTED**;

---

[3](...continued)
to Bankruptcy Rule 9024, the motion for relief "suspends the notice of appeal until" the motion for relief "has been resolved.").

Moreover, according to the Advisory Committee Notes, Bankruptcy Rule 8002(b) is "essentially the same as Rule 4(a)(4) of the Fed. R. App. P." See Advisory Committee Notes on Fed. R. Bankr. P. 8002(b).  Consequently, decisions by the Court of Appeals for the Third Circuit on Rule 4(a)(4) are instructive on how Rule 8002(b) is intended to operate.

In Forba v. Thomas Jefferson University Hospital, 666 Fed. Appx. 106 (3ᵈ Cir. 2016), the Third Circuit Court addressed a situation similar to the facts of the instant case and stated:

> After filing his notice of appeal, Forba filed a motion for reconsideration and other relief.  The District Court denied the motion for lack of jurisdiction, but Forba did not file another or an amended notice of appeal as required to challenge that ruling, see Fed. R. App. P. 4(a)(4)(B)(ii), and his time to do so has expired.  For the District Court's benefit, however, we note that district courts retain jurisdiction to consider timely motions for reconsideration under Fed. R. Civ. P. 59(e) notwithstanding the filing of a notice of appeal.  See Fed. R. App. P. 4(a)(4)(B)(i).

666 Fed. Appx. at 108 n.2 (emphasis added).

In States v. Rogers Transportation, Inc., 751 F.2d 635 (3ᵈ Cir. 1985), the Third Circuit Court specifically held that it lacked jurisdiction over an appeal from a district court's order pursuant to Fed. R. App. P. 4(a)(4) because, subsequent to the filing of the notice of appeal, a timely motion to amend or alter the judgment pursuant to Fed. R. Civ. P. 59(e) was filed in the district court.

Since Rule 8002(b) is "essentially the same as Fed. R. App. P. 4(a)(4)," the Third Circuit's rulings and comments are equally applicable to the instant case.  The Third Circuit's cases support the conclusion that this Court had jurisdiction, pursuant to Rule 8002(b), to resolve the Motion notwithstanding Mr. Murphy's filing of a Notice of Appeal.

(2) The Order, dated February 22, 2017, dismissing Debtor's bankruptcy case is **VACATED**;

(3) On or before May 1, 2017, Mr. Murphy shall file a brief addressing the issue of whether a debtor has an absolute right to dismissal under § 1307(b) of the Bankruptcy Code; and

(4) A hearing on the legal issue identified in paragraph (3) above shall be held on Wednesday, May 10, 2017, at 11:30 a.m., in Bankruptcy Courtroom #3, Robert N.C. Nix, Sr., Federal Building & Post Office, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania. This hearing shall be solely for oral argument.

_____
JEAN K. FITZSIMON
United States Bankruptcy Judge

Copies to:

**Pro Se Plaintiff**
Robert J. Murphy, Esquire
7 Coopertown Road
P.O. Box 39
Haverford, PA 19041

**Defendant's Counsel**
Michael A. Cataldo, Esquire
Michael A. Cibik, Esquire
Cibik & Cataldo, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

**Courtroom Deputy**
Joan Ranieri