UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | Chapter 13 |
| | : | |
| MICHELE MARINARI, | : | Bankruptcy No. 14-19066-AMC |
| | : | |
| DEBTOR | : | |

Ashely M. Chan, United States Bankruptcy Judge

## OPINION

### I. INTRODUCTION

Robert Murphy ("Murphy"), the holder of a prepetition judgment against the debtor, Michele Marinari ("Debtor"), moves under Federal Rules of Civil Procedure 59(e), 52(b), and 60(b) ("Rules 59(e), 52(b), and 60(b)") to have this Court reconsider or vacate its order granting the Debtor's request to voluntarily dismiss her chapter 13 case pursuant to § 1307(b). Because Murphy has failed to identify an intervening change in controlling law, new evidence, a clear legal error committed by the Court in dismissing the Debtor's case, manifest injustice stemming from the dismissal, or any other ground to reconsider or vacate the dismissal order, Murphy is not entitled to relief. Therefore, Murphy's motion to reconsider or vacate the dismissal of the Debtor's chapter 13 case is denied.

### II. FACTUAL/PROCEDURAL BACKGROUND

On or about November 24, 2004, Murphy commenced a civil action against the Debtor and her now ex-husband in the Delaware County Court of Common Pleas ("State Court") based on allegations of fraudulent misrepresentation and breach of contract.[1] Case. No. 15-00124 Compl. ¶ 4, Ex. 1. After the Debtor's counsel withdrew his representation of the Debtor without

---

[1] Captioned Robert Murphy v. Everett Frank & Michele Frank d/b/a Dents & Details/The Wax Shop, Delaware County Court of Common Pleas, No. 04-14217.

1

informing her, the State Court entered a default judgment against the Debtor and her ex-husband in the amount of $35,000 ("the Judgment") following an unopposed bench trial on September 13, 2006 at which no defense was offered.[2] Case No. 15-00124 Answer 2 ¶¶ 4-5, 7; Compl. Ex. 2.

Following the commencement of another civil state court action brought by Murphy against the Debtor in October 2013,[3] the Debtor filed a voluntary chapter 13 petition on November 14, 2014. Case No. 14-19066 ECF No. (hereinafter "ECF") 1; ECF 25 Murphy Mot. to Dismiss ¶ 6. The bankruptcy case was originally assigned to the Honorable Jean K. FitzSimon ("Judge FitzSimon"). On November 25, 2014, the Debtor proposed a chapter 13 plan. Case No. 14-19066 ECF 9. On March 26, 2015, Murphy, acting pro se, filed an adversary complaint seeking to have the Court declare his $35,000 Judgment nondischargeable pursuant to § 523(a)(2)(A) and (B) ("Adversary Proceeding"). *Id.* at ECF 19; Case. No. 15-00124 ECF 1.

Meanwhile, on May 12, 2015, Murphy filed a "Motion to Dismiss Case and/or Motion to Convert Case to Chapter 7 and/or Objections to Confirmation…of Michele Marinari's…Plan…" ("Motion to Dismiss/Convert") arguing that Judge FitzSimon should dismiss or convert the case and deny confirmation of the Debtor's plan due to her alleged bad faith and fraudulent misconduct.[4] Case No. 14-19066 ECF 25 Murphy Mot. to Dismiss ¶¶ 1-14. A few days later, on May 16, 2015, Murphy filed a "Supplemental Objection to Confirmation of…Michele Marinari's Chapter 13 Plan and Motion to Continue the Confirmation Hearing…" ("Supplemental Confirmation Objection") requesting that Judge FitzSimon stay the Debtor's confirmation hearing and/or "consolidate" his Adversary Proceeding with the Motion to Dismiss/Convert and

---

[2] The Judgment did not indicate whether it was based upon the breach of contract claim or the fraudulent misrepresentation claim and did not include any factual findings. *See* Case No. 15-00124 Compl. Ex. 2.

[3] Captioned <u>Robert Murphy v. Robert Morris, Esquire, Morris & Clemm, P.C., Michele Marinari, O'Donnell, Hagner & Williams, P.C., Westport Insurance Company and Frank Williams, Esquire</u>, Court of Common Pleas of Delaware County, No. 13-10207.

[4] The motion did not seek sanctions against the Debtor or her counsel and did not seek to impose conditions on any dismissal.

his confirmation objections pending the completion of discovery in the Adversary Proceeding.[5] *Id.* at ECF 27 Supp. Obj. ¶ 17.

Per Murphy's request, on May 27, 2015, the hearings on Murphy's Motion to Dismiss/Convert and confirmation objections were continued to June 25, 2015. Case No. 14-19066 ECF 30. Subsequently, the hearings were continued a few more times until October 21, 2015 when they were canceled pending the disposition of a "Motion for Discovery" in the Adversary Proceeding which Murphy planned to file. *Id.* at ECF 39, 45, 48, 49, 61.

On September 21, 2016, after the parties completed discovery in the Adversary Proceeding, Judge FitzSimon scheduled a status conference on Murphy's Motion to Dismiss/Convert and his objections to confirmation for October 18, 2016. *Id.* at ECF 88. The status conference was continued four times. *Id.* at ECF 94, 95, 96, 97. Subsequently, on February 16, 2017, before the status conference could be held, the Debtor filed a document docketed as a "Praecipe to Voluntarily Dismiss Case" and entitled "Application by Debtor to Voluntarily Dismiss Chapter 13 Case" seeking to have the case dismissed pursuant to § 1307(b) ("Debtor's Dismissal Request"). *Id.* at ECF 98. On February 22, 2017, Judge FitzSimon entered an order dismissing the Debtor's case ("February 22 Dismissal Order"). *Id.* at ECF 99.

On February 23, 2017, Murphy filed a notice of appeal of the February 22 Dismissal Order. *Id.* at ECF 100. On February 27, 2017, he also filed a Motion to Reconsider/Vacate the February 22 Dismissal Order ("First Reconsideration Motion"),[6] essentially arguing that Judge FitzSimon had erred in granting the Debtor's Dismissal Request because (1) Murphy had not been given notice of the request or an opportunity to object to it and (2) the Debtor forfeited her right to

---

[5] The Supplemental Confirmation Objection did not seek sanctions against the Debtor or her counsel and did not seek to impose conditions on any dismissal.
[6] Murphy's filings, including this one, are somewhat incoherent and tend to ramble, making his arguments difficult to follow and comprehend.

3

have her case dismissed under § 1307(b) due to her alleged bad faith and abuse of the bankruptcy process. *Id.* at ECF 106 Mot. to Recon. ¶¶ 3-7, 13. On March 30, 2017, Judge FitzSimon granted the First Reconsideration Motion and vacated the February 22 Dismissal Order ("March 30 Reconsideration Order"). Case No. 14-19066 ECF 119.

On April 7, 2017, the District Court issued an order finding that Murphy's notice of appeal had divested the Bankruptcy Court of jurisdiction to grant Murphy's First Reconsideration Motion and remanding the case to the Bankruptcy Court to confer upon it the requisite jurisdiction for granting the First Reconsideration Motion. *Id.* at ECF 122. Accordingly, on April 20, 2017, Judge FitzSimon entered another order vacating the February 22 Dismissal Order and directing that "[o]n or before May 1, 2017, Mr. Murphy shall file a brief addressing the issue of whether a debtor has an absolute right to dismissal under § 1307(b) of the Bankruptcy Code; and a hearing on the legal issue identified…above shall be held on Wednesday, May 10, 2017…This hearing shall be solely for oral argument." ("April 20 Reconsideration Order"). *Id.* at ECF 123 Order 5. Murphy declined to file an additional brief and, instead, chose to rely on his First Reconsideration Motion and supporting memorandum. *Id.* at ECF 129 Order 2.

Judge FitzSimon conducted the hearing on May 10, 2017 and, at the outset, advised the parties that she intended to treat the Debtor's Dismissal Request as a formal motion pursuant to §1307(b) because (1) Murphy had received electronic notice of the request; (2) Murphy had filed his First Reconsideration Motion in response to the dismissal of the Debtor's case and the Court had granted Murphy's First Reconsideration Motion; and (3) a hearing, with notice, was being held to address the Debtor's request to have the case dismissed. *Id.* at ECF 126; ECF 129 Order 2. Notably, Murphy did not object to the Court treating the Debtor's Dismissal Request as a formal motion for dismissal under § 1307(b). *Id.* at ECF 129 Order 3. When Judge FitzSimon

4

then asked Murphy to identify the relief he sought, Murphy responded only that he wanted the case converted to chapter 7. *Id.*

After giving both parties an opportunity to make their arguments, Judge FitzSimon ruled from the bench that, because a chapter 13 debtor has an absolute right to voluntarily dismiss a bankruptcy case pursuant to § 1307(b), she would grant the Debtor's Dismissal Request. *Id.* at 3, 7. On May 17, 2017, the Debtor filed a proposed revised dismissal order.[7] *Id.* at ECF 127.

The Court entered an order on May 17, 2017 formally dismissing the Debtor's case subject to conditions that the Debtor had proposed ("May 17 Dismissal Order").[8] *Id.* at ECF 129 Order 8. The May 17 Dismissal Order reflects that, in considering whether § 1307(b) confers an absolute right to dismiss a chapter 13 case, Judge FitzSimon was aware that courts remain split on the issue and had surveyed relevant case law on both sides of the debate. *Id.* at 3-7. She was simply more convinced by the reasoning of courts holding that the right is absolute, particularly the reasoning articulated in *Ross v. AmeriChoice Federal Credit Union,* 530 B.R. 277 (E.D. Pa. 2015). *Id.* at 6-7. The May 17 Dismissal Order specifically noted that Murphy did not make any request during the hearing that the Court impose conditions on the dismissal, even after the Debtor proposed her own conditions.[9] *Id.* at 3, 7.

---

[7] At Murphy's request, Debtor's counsel also filed a one paragraph letter from Murphy to Debtor ("Letter"). Case. No. 14-19066 ECF 128. The Letter, in relevant part, informs Debtor's counsel that Murphy continues to object to Judge FitzSimon's ruling and, therefore, intends to file a motion for reconsideration. *Id.* The Letter also notifies Debtor's counsel that Murphy seeks to impose sanctions against the Debtor and her counsel in the amount of the $35,000 Judgment plus interest without identifying any basis for the imposition of sanctions. *Id.*

[8] The conditions are "[i]n the event Debtor files another bankruptcy case within two years from the date thereof, the adversary proceeding which Mr. Murphy filed against Debtor, namely Adversary No. 15-0124, shall resume where it currently stands, which is that: (i) discovery is complete; (ii) the parties filed their Joint Pretrial Statement (see Docket Entry No. 107); and (iii) a pre-trial hearing should be promptly held to discuss the Joint Pretrial Statement and schedule a trial date." Case No. 14-19066 ECF 129 Order 7-8.

[9] The May 17 Dismissal Order provided that, if Murphy had requested that the Court impose conditions, the Court would have scheduled an evidentiary hearing to determine whether there were grounds for imposing such conditions. Case No. 14-19066 ECF 129 Order 3.

5

On May 27, 2017, Murphy filed an "Expedited/Emergency Motion to Reconsider, Vacate, and Make Findings of Fact and/or Alter or Amend the Final Judgment Entered May 17, 2017…" ("Second Reconsideration Motion"), seeking relief pursuant to Rules 59, 52, and 60. *Id.* at ECF 131. The Second Reconsideration Motion was confusing and largely incoherent but mostly seemed to repeat the rejected arguments made in the First Reconsideration Motion in support of Murphy's position that §1307(b) does not confer an absolute right to dismiss.[10] Mot. to Vacate ¶¶ 14-19; Mem. in Supp. Mot. to Vacate 2-9. Murphy failed to file a notice to schedule a hearing for the Second Reconsideration Motion.

A few days later, on May 31, 2017, Murphy also filed a notice of appeal of the May 17 Dismissal Order. Case No. 14-19066 ECF 132. Deferring to the District Court's prior position that the appeal divested the Bankruptcy Court of jurisdiction to act on other pending motions, Judge FitzSimon took no action on the Second Reconsideration Motion and waited for the District Court to dispose of the latest appeal.

On September 29, 2017, the Debtor's case was reassigned to this Court. *Id.* at ECF 142. In July 2018, the District Court authorized this Court to entertain the Second Reconsideration Motion.[11] Accordingly, the Court scheduled a hearing for August 6, 2018 which subsequently was adjourned to October 2, 2018. *Id.* at ECF 143, 146. Both Murphy and counsel for the Debtor

---

[10] Murphy also seemed to argue that Judge FitzSimon should not have dismissed the Debtor's case while his Motion to Dismiss/Convert, Adversary Proceeding, confirmation objections, and requests for sanctions remained pending. Case No. 14-19066 ECF 131 Mot. to Vacate ¶¶ 5-6. The Court remains confused by his reference to requests for sanctions because the dockets in the main bankruptcy case and Adversary Proceeding reflect that all motions for sanctions had been resolved, and Murphy did not request sanctions in his Motion to Dismiss/Convert or Supplemental Confirmation Objection. *See* Case No. 14-19066 ECF 76; Case No. 15-00124 ECF 46, 88. Although there was an obscure reference to a request for sanctions in his 27-page pre-trial statement, he only sought to have his allegations in the complaint deemed admitted and to bar the Debtor from presenting evidence in her defense in the Adversary Proceeding and at hearings on the Motion to Dismiss/Convert and confirmation objections. Case No. 14-19066 ECF 110 Pre-Trial St. 6, 11. The Court can only guess that Murphy's "requests for sanctions" may relate to his informal notification to Debtor's counsel in the Letter that he wanted sanctions to be imposed against the Debtor and her counsel.

[11] The District Court's law clerk notified this Court's law clerk that the District Court had changed its position regarding the Bankruptcy Court's jurisdiction over motions to reconsider while an appeal is pending.

appeared at the October 2, 2018 hearing. However, the Court had difficulty understanding Murphy's arguments and the ultimate relief that he sought. As a result, the Court requested that Murphy and the Debtor file supplemental letter briefs clearly setting forth their arguments in connection with the Second Reconsideration Motion. *Id.* at ECF 146. After both parties filed their briefs in late November, the Court scheduled a hearing for December 18, 2018 which was subsequently adjourned to January 29, 2019. *Id.* at ECF 147, 148, 149. The Court heard oral argument at the January 29, 2019 hearing and the matter is now ripe to be decided. *Id.* at ECF 150.

### III. DISCUSSION

Murphy and the Debtor dispute whether grounds exist to reconsider or vacate Judge FitzSimon's May 17 Dismissal Order. As far as the Court can discern, Murphy primarily argues that this Court should reconsider or vacate the May 17 Dismissal Order because chapter 13 debtors who engage in bad faith or fraudulent misconduct, as he alleges the Debtor has, forfeit their right to dismissal pursuant to § 1307(b). The Debtor contends that § 1307(b) unambiguously confers an absolute right to dismissal in chapter 13 cases and that Murphy's allegations of bad faith and misconduct are both irrelevant and untrue.

The Court concludes that Murphy has failed to articulate any grounds which would justify reconsidering or vacating the May 17 Dismissal Order under Rules 59(e),[12] 52(b),[13] or 60(b).[14] Murphy has failed to bring forward any new evidence or alert this Court to any intervening changes in controlling law. Furthermore, he has not demonstrated that Judge FitzSimon

---

[12] Made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023.
[13] Made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7052 ("Rule 7052"). Although Rule 7052 provides that Rule 52 applies in adversary proceedings, Federal Rule of Bankruptcy Procedure 9014(c) incorporates Rule 7052 into contested matters.
[14] Made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024.

7

committed a clear error of law or fact nor that the dismissal has caused any manifest injustice. Murphy has also failed to demonstrate that the May 17 Dismissal Order is void, was secured by fraud, or resulted from neglect, mistake, inadvertence, or surprise. Finally, he has not shown that he would suffer extreme, unexpected hardship if the order were upheld. Therefore, Murphy's Second Reconsideration Motion is hereby denied.

### A. Federal Rules of Civil Procedure 59(e) and 52(b)

It is well settled that a "motion for reconsideration" is the "functional equivalent" of a motion to alter or amend judgment under Rule 59(e). *Ironworks Patents, LLC v. Apple, Inc.*, 255 F. Supp. 3d 513, 521 (D. Del. 2017). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Fountain v. Vaughn*, 679 Fed. Appx. 117, 119 (3d Cir. 2017); *McSparran v. Pennsylvania*, 289 F. Supp. 3d 616, 621 (M.D. Pa. 2018). Accordingly, a motion for reconsideration may only be granted if the party seeking reconsideration shows (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or prevent manifest injustice. *Degussa v. Materia, Inc.*, 305 F. Supp. 3d 563, 575 (D. Del. 2018) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Einhorn v. Kaleck Bros., Inc.*, 713 F. Supp. 2d 417, 426 (D. N.J. 2010). The movant bears a high burden to demonstrate that grounds exist justifying this extraordinary remedy. *In re Sellers*, 555 B.R. 479, 481-82 (Bankr. E.D. Pa. 2016).

Similarly, pursuant to Rule 52(b), on a party's motion, which may accompany a motion for a new trial under Rule 59, the court may amend its findings and the judgment accordingly. The test for determining whether to grant a motion to amend pursuant to Rule 52(b) substantially mirrors the test for granting a motion brought pursuant to Rule 59(e). A motion to amend a

8

court's findings must be based on a "manifest error of law or mistake of fact," on newly discovered evidence, or on the court's need to clarify the record for appeal. *Perotti v. Perotti (In re Perotti),* Chp. 7 Case No. 1:07-BK-01889MDF, Adv. No. 1:07-AP-00144, 2008 WL 5158275, at *1 (Bankr. M.D. Pa. Oct. 22, 2008).

To demonstrate a clear error of law or fact, the movant must show that the court overlooked a factual or legal issue which may have altered the previous disposition, "such as when dispositive factual matters or controlling decisions of law were brought to the court's attention, but not considered." *Einhorn,* 713 F. Supp. 2d at 426. In fact, the court "should only entertain a motion to reconsider, if the alleged overlooked controlling decision of law or dispositive factual matter was of a nature that, if considered by the Court, might reasonably have resulted in a different conclusion." *In re Leahey,* No. 11-11906, 2017 WL 4286136, at *2 (Bankr. D. N.J. Sept. 26, 2017).

While there is no judicial consensus regarding the meaning of the term "manifestly unjust," several courts have applied the Black's Law Dictionary definition, which states that "'manifest injustice' is 'an error in the trial court that is direct, obvious, and observable…'" *Von Kahle v. Roemmele (In re Roemmele),* 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012). The Third Circuit has noted that there tends to be "substantial, if not complete, overlap" between the concepts of a "clear error of law or fact" and "manifest injustice." *In re Energy Future Holdings Corp.,* 904 F.3d 298, 311 (3d Cir. 2018). Courts may only grant reconsideration based on manifest injustice if the error is "apparent to the point of being indisputable" or if the record presented is "so patently unfair and tainted that the error is manifestly clear to all who view it." *Roemmele,* 466 B.R. at 712. A movant's mere dissatisfaction with the outcome does not constitute manifest injustice. *Degussa,* 305 F. Supp. at 575.

9

Ultimately, a motion for reconsideration is not properly grounded on a request that a court rethink a decision already made, rightly or wrongly, and may not be used to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided, nor to reargue matters already argued. *Ironworks,* 255 F. Supp. at 521; *In re Leahey,* 2017 WL 4286136, at *2; *Borrell v. Bloomsburg Univ.,* 207 F. Supp. 3d 454, 472 (M.D. Pa. 2016); *Einhorn,* 713 F. Supp. 2d at 427 ("A motion for reconsideration does not permit a Court to rethink its previous decision...").

### B. Overview of 11 U.S.C. § 1307(b)

Pursuant to § 1307(b), "on request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." The question of whether § 1307(b) gives debtors an absolute right to dismiss a chapter 13 case has deeply divided courts. *E.g., Jacobsen v. Moser (In re Jacobsen),* 609 F.3d 647, 653 (5th Cir. 2010); *Barbieri v. RAJ Acquisition Corp., (In re Barbieri),* 199 F.3d 616, 619 (2d Cir. 1999). The Second Circuit Court of Appeals and some lower courts have held that this section does confer an absolute right to voluntary dismissal, reasoning its plain meaning unambiguously mandates dismissal upon the debtor's request if the case has not previously been converted. *In re Barbieri,* 199 F.3d at 619-23; *e.g., In re Sinischo,* 561 B.R. 176, 188-191 (Bankr. D. Colo. 2016); *In re Mills,* 539 B.R. 879, 883-85 (Bankr. D. Kan. 2015); *In re Williams,* 435 B.R. 552, 554-56 (Bankr. N.D. Ill. 2010). According to this line of cases, § 1307(b) reflects Congress's intent to create an entirely voluntary chapter of the Bankruptcy Code. *E.g., In re Barbieri,* 199 F.3d at 620; *In re Fisher,* No. 14-61076, 2015 WL 1263354, at *4 (Bankr. W.D. Va. Mar. 19, 2015); *In re Hamlin,* No. 09-05272-8-SWH, 2010 WL 749809, at *4 (Bankr. E.D. N.C. Mar. 1, 2010). However, while these courts find the right to dismiss under § 1307(b) absolute, many also

acknowledge that the right is not unconditional or self-executing. *E.g., Ross v. AmeriChoice Federal Credit Union,* 530 B.R. 277, 289 (E.D. Pa. 2015), *injunction vacated, and case remanded on unrelated grounds*. Therefore, many courts find that they have discretion to impose appropriate conditions on dismissals. *In re Sinischo,* 561 B.R. at 189-191; *Ross,* 530 B.R. at 289; *In re Criscuolo,* No. 09-14063-BFK, 2014 WL 1910078, at *5 (Bankr. E.D. Va. May 13, 2014).

On the other hand, the Fifth Circuit Court of Appeals, Eighth Circuit Court of Appeals, and Ninth Circuit Court of Appeals have determined that any right to dismissal § 1307(b) confers does not apply to debtors acting in bad faith, reasoning that courts' inherent powers to sanction abusive practices give them authority to prevent bad faith debtors from using § 1307(b) to escape the consequences of their abuse. *In re Jacobsen,* 609 F.3d at 660-61; *Rosson v. Fitzgerald (In re Rosson),* 545 F.3d 764, 773-74 (9th Cir. 2008); *Molitor v. Eidson (In re Molitor),* 76 F.3d 218, 220 (8th Cir. 1996). Therefore, these courts and others adopting this position find that courts have discretion to convert a case over a debtor's motion to dismiss when the debtor has acted in bad faith or abused the bankruptcy process. *In re Jacobsen,* 609 F.3d at 663; *In re Rosson,* 545 F.3d at 774-75; *In re Molitor,* 76 F.3d at 220.

Neither the Third Circuit Court of Appeals nor the Supreme Court has weighed in on this debate. While the Third Circuit has confirmed that a bankruptcy court has the authority to issue a filing injunction even when approving a debtor's § 1307(b) voluntary dismissal, it has abstained from taking a position on the ultimate issue of whether the right to dismissal is absolute. *In re Ross,* 858 F.3d 779, 781, 783-85 (3d Cir. 2017).

In 2007, the Supreme Court in *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365 (2007) held that § 706(a) does not give a chapter 7 debtor an absolute right to convert a case to chapter 13 when bad faith is established because § 706(a) is subject to § 706(d), which only

11

permits conversion if the debtor qualifies as a debtor under the chapter to which conversion is sought. 549 U.S. at 370-74. Therefore, because courts may dismiss chapter 13 cases under §1307(c) for bad faith conduct, the Supreme Court determined that bankruptcy courts have discretion not to convert a chapter 7 case to chapter 13 if the debtor had demonstrated bad faith.[15] *Id.* at 371-74. *Marrama*'s partial justification of its holding by reference in dictum to bankruptcy courts' inherent power to prevent abuse of the bankruptcy process stemming from § 105(a) resulted in some courts using *Marrama* to further support their position that § 1307(b) has a bad faith exception. *E.g., In re Jacobsen,* 609 F.3d at 661. Other courts have determined that *Marrama* has no effect on the § 1307(b) debate because § 706 differs in significant ways from §1307. *E.g., In re Burbridge,* 585 B.R. 16, 21-22 (Bankr. N.D. N.Y. 2018).

Several years after *Marrama*, the Supreme Court in *Law v. Siegel,* 571 U.S. 415 (2014) clarified that, in determining that bankruptcy courts have no authority to override § 522 exemptions, even for bad faith debtors, *Marrama* does not endorse the view that equitable considerations permit a bankruptcy court to contravene express provisions of the Bankruptcy Code. 571 U.S. at 426. Nevertheless, the debate over whether the right to dismissal pursuant to §1307(b) is absolute remains unresolved.

### C. There Is No Basis to Reconsider the May 17 Dismissal Order Pursuant to Rule 59(e) or Rule 52(b).

Murphy has failed to meet his high burden of showing that Rule 59(e) or Rule 52(b) entitles him to the relief he seeks. First, Murphy has identified no intervening change in controlling law which conclusively determines that a chapter 13 debtor's right to voluntarily

---

[15] 11 U.S.C. § 706(a) provides that "[t]he debtor may convert a case under this chapter...at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." Section 706(d) provides that "[n]otwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter."

12

dismiss a case pursuant to § 1307(b) is not absolute, and this Court has found none. Second, Murphy has not alleged the availability of new evidence. Even if he had, the availability of new evidence would not affect Judge FitzSimon's purely legal conclusion that § 1307(b) gives debtors an absolute right to dismissal. Third, although Murphy disagrees with Judge FitzSimon's legal conclusion, he has not shown that she committed a clear error of law. Judge FitzSimon's position that § 1307(b) confers a chapter 13 debtor with the absolute right to voluntarily dismiss his or her case is supported by a plethora of case law,[16] and neither the Third Circuit nor the Supreme Court has spoken on the precise issue. Ultimately, Judge FitzSimon considered many cases which Murphy brought to her attention, including *Jacobsen*, *Molitor*, *Rosson*, and *Marrama*. *Compare* Case No. 14-19066 ECF 129 Order 3-5 *with* ECF 106 Mem. in Supp. Mot. to Reconsider 3-7. That she disagreed with those cases, and with Murphy's interpretation of *Marrama*,[17] does not establish that she committed clear legal error in rejecting them.

Finally, for substantially the same reasons discussed above, Murphy has also failed to demonstrate that this Court must reconsider the May 17 Dismissal Order to prevent any manifest

---

[16] *E.g., In re Barbieri*, 199 F.3d at 619-20 (section 1307(b) confers upon chapter 13 debtor an absolute right to dismiss so long as case has not been converted under chapter 7, 11, or 12); *In re Burbridge*, 585 B.R. at 20-22 (because right to voluntarily dismiss a chapter 13 case remains absolute, a creditor's post-dismissal discovery that the debtor dissipated $1,000,000 of estate assets could not serve as the basis for reconsideration of the dismissal under Rule 59(e) or Rule 60(b)); *Ross*, 530 B.R. at 287 ("The Court agrees with the line of cases recognizing an absolute right to dismiss under section 1307(b), *Marrama* notwithstanding."), *injunction vacated, and case remanded on unrelated grounds*; *In re Sinischo*, 561 B.R. at 188-191 (while the right to voluntarily dismiss a case is absolute, the court may dismiss the case with prejudice or place conditions on the dismissal if appropriate); *In re Fisher*, 2015 WL 1263354, at *3-4 (debtor has an absolute right to voluntary dismissal, but court retains authority to impose conditions); *In re Mills*, 539 B.R. at 883-85 (the right to dismiss a chapter 13 case is absolute and numerous courts have followed *Barbieri*'s plain language approach to voluntary dismissals under § 1307(b) both before and after *Marrama*); *In re Criscuolo*, 2014 WL 1910078, at *5 (while competing motion for conversion could not overcome the Debtor's absolute right to voluntary dismissal, "[t]here is certainly nothing in § 1307(b) which prohibits a dismissal on terms and conditions…"); *In re Hamlin*, 2010 WL 749809, at *4 (chapter 13 debtor's right to dismiss is absolute, but parties in interest are entitled to request the debtor's dismissal be conditioned); *In re Williams*, 435 B.R. at 554-60 (section 1307(b) gives debtors an unqualified, unlimited right to dismiss chapter 13 cases); *In re Mangual*, No. 10-00124, 2010 WL 5185392, at *2 (Bankr. D. P.R. Dec. 20, 2010) (section 1307(b) gives absolute right to dismiss even if a conversion motion was pending).

[17] While Murphy believes that *Marrama* confirms that there is a bad faith exception to § 1307(b), numerous cases have supported Judge FitzSimon's position that *Marrama* does not implicate § 1307(b). *E.g., In re Burbridge*, 585 B.R. at 20-22; *In re Hamlin*, 2010 WL 749809, at *3.

injustice.[18] Murphy simply attempts to use this Second Reconsideration Motion to relitigate his position. *See* Case No. 14-19066 ECF 131 Mem. in Supp. Mot. to Vacate 5-6 *("as previously noted, briefed, and argued by Murphy, including at the May 10, 2017 hearing* the vast majority of circuits...have decided that a fraudulent, bad faith, abusive, illegal debtor clearly forfeits any alleged absolute right to dismissal under § 1307(b)...") (emphasis added). His desire to do so does not provide this Court with a basis to reconsider Judge FitzSimon's decision to dismiss the Debtor's case.

### D. Federal Rule of Civil Procedure 60(b)

Having determined that neither Rule 59(e) nor Rule 52(b) justifies relief, the Court will now consider whether Rule 60(b) would warrant granting the relief requested. Rule 60(b) provides that:

---

[18] To the extent that Murphy argues that Judge FitzSimon committed manifest injustice (1) by failing to rule on his Motion to Dismiss/Convert and confirmation objections prior to dismissing the case and (2) by not scheduling an evidentiary hearing on his allegations of bad faith or his Letter to determine if she should impose conditions on the dismissal, these positions have no merit.

First, courts adopting Judge FitzSimon's position have determined that § 1307(b) dismissal requests trump competing motions to convert a case to chapter 7. Allowing a creditor to convert a case to chapter 7 notwithstanding a pending motion to dismiss would permit a creditor to effectuate an involuntary petition without satisfying the requirements of § 303. *In re Fisher*, 2015 WL 1263354, at *4; *In re Hamlin*, 2010 WL 749809, at *2. As for the confirmation objections, ruling on them would have served no purpose for a court holding that the § 1307(b) right to dismissal is absolute. Furthermore, the record reflects that the delay in ruling on the Motion to Dismiss/Convert and confirmation objections was largely due to Murphy's *own request* that hearings on them be stayed until the completion of discovery in the Adversary Proceeding. *See* Case No. 14-19066 ECF 27.

Second, while Judge FitzSimon had the discretion to schedule an evidentiary hearing on allegations of bad faith, she committed no error in choosing not to do so, especially after Murphy failed to request one at the May 10 hearing, even after the Debtor suggested her own conditions. *See, e.g., In re Hamlin*, 2010 WL 749809, at *4 ("section 1307(b)... 'does not *prevent* the Court, under appropriate circumstances, from delaying entry of a voluntary dismissal in order to protect creditor rights.'") (emphasis added); *In re Greenberg*, 200 B.R. 763, 767 (Bankr. S.D. N.Y. 1996) ("even those courts that hold the right to dismiss to be absolute recognize their *authority* to attach strings to the dismissal.") (emphasis added). With regard to the Letter, Judge FitzSimon appropriately exercised her discretion not to schedule an evidentiary hearing (to the extent that the Letter can even be construed as a request for an evidentiary hearing) based on the last minute one-sentence request for sanctions without any legal basis. Moreover, this Court has found no basis for sanctioning counsel and the Debtor in the amount of his $35,000 Judgment. Conditions to dismissal stem from some aspect of the Bankruptcy Code, such as § 109(g) (authorizing courts to impose 180-day bar to refiling under certain circumstances), § 349(a) (authorizing courts to bar discharge of certain debts in subsequently filed case for bad faith), or Fed. R. Bankr. P. 9011 (authorizing sanctions for improper representations to the court). *In re Sinischo*, 561 B.R. at 193-94; *In re Fisher*, 2015 WL 1263354, at *4. Moreover, Murphy points to no law which *requires* a court to entertain belated requests for conditions upon dismissal after the conclusion of the dismissal hearing and this Court has found none.

on motion and just terms, the court may relieve a party… from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect;[19] (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud…misrepresentation, or misconduct by an opposing party;[20] (4) the judgment is void;[21] (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[22]

---

[19] Relief is generally only warranted under Rule 60(b)(1) where a party made an excusable litigation mistake, or the judge made a substantive mistake of law or fact in the final judgment or order. *Estate of Sisk v. Manzanares*, 270 F. Supp. 2d 1265, 1282 (D. Kan. 2003). However, "[a] litigation mistake is not considered to be an excusable one…if it was the result of a deliberate and counseled decision by the complaining party…Simply misunderstanding or failing to predict the legal consequences of deliberate choices cannot later…undo those mistakes." *Id.* at 1283. Determining whether neglect is ultimately excusable requires consideration of all relevant circumstances, including (1) prejudice to the adversary of vacating the judgment; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay and whether it was in reasonable control of the movant; and (4) whether the movant acted in good faith. *Welch & Forbes, Inc. v. Cendant Corp. (In re Cendant Corp.*, PRIDES Litig.), 234 F.3d 166, 171 (3d Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)); *Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 188 F. 3d 116, 125 (3d Cir. 1999). Ignorance of the rules, mistakes construing rules, and mere ignorance or carelessness on the part of the complaining party do not constitute bases for relief under Rule 60(b)(1). *Williams v. New York City Dep't. of Corrections*, 219 F.R.D. 78, 85 (S.D. N.Y. 2003); *Rhode Island Hospital Trust National Bank v. Dube*, 136 F.R.D. 37, 40 (D. R.I. 1990).

The few cases discussing surprise tend to simply apply the ordinary meaning of the word to the facts. *Bituminous Casualty Corp. v. Garcia*, 223 F.R.D. 308, 312-13 (N.D. Tex. 2004); *see In re Braga*, 272 F.R.D. 621, 625 (S.D. Fl. 2011); *Williams*, 219 F.R.D. at 84-85; *Dube*, 136 F.R.D. at 39. Courts have been more willing to find that a litigant was "surprised" when the litigant had no notice of a proceeding and later discovered that an adverse order, such as a default judgment, had been entered. *See Thompson v. American Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996); *Garcia*, 223 F.R.D. at 313.

[20] To be entitled to relief under Rule 60(b)(3), the movant must prove by clear and convincing evidence that the judgment was obtained through fraud, misrepresentation, or misconduct which prevented the movant from fully presenting his case. *Jayasundera v. Macy's Inc.*, 731 Fed. Appx. 133, 136 (3d Cir. 2018); *Boldrini v. Wilson*, 609 Fed. Appx. 721, 724 (3d Cir. 2015). "In other words, Rule 60(b)(3) relief is granted where the judgment was obtained by fraud; it does not apply where general allegations of fraud exist." *In re Lampman*, 494 B.R. 218, 223 (Bankr. M.D. Pa. 2013).

[21] Relief from void judgments may be granted "in the rare instance" where a judgment is premised on a jurisdictional error or a violation of due process that deprives a party of notice or the opportunity to be heard. *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *Johnson v. Rardin*, 700 Fed. Appx. 170, 172 (3d Cir. 2017); *In re Prosser*, 574 Fed. Appx. 82, 83 (3d Cir. 2014). A judgment will be rendered void for lack of subject matter jurisdiction only where there is a total want of jurisdiction or when there has been a clear usurpation of power. *In re Prosser*, 574 Fed. Appx. at 83. Due process merely requires notice that is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Espinosa*, 559 U.S. at 272. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *United States v. Sollenberger*, 732 Fed. Appx. 153, 157 (3d Cir. 2018). A judgment is not considered void simply because it may have been erroneous. *Espinosa*, 559 U.S. at 270.

[22] To be entitled to relief under Rule 60(b)(6), a litigant must demonstrate "extraordinary circumstances," where, without such relief, an extreme and unexpected hardship would occur. *In re Nortell Networks*, 664 Fed. Appx. 157, 159 (3d Cir. 2016); *In re Express Car & Truck Rental, Inc.*, 455 B.R. 434, 441 (Bankr. E.D. Pa. 2011). This rule "is not read liberally to give a disappointed party an opportunity to relitigate his or her case, revisit issues the court has already considered in its judgment, advance new arguments, or present facts that were otherwise available at the time of judgment." *In re Express Car & Truck Rental Inc.*, 455 B.R. at 439.

15

The movant bears the burden of pleading and proving the grounds justifying relief under Rule 60(b). *In re Nortell Networks,* 664 Fed. Appx. 157, 159 (3d Cir. 2016); *Boldrini v. Wilson,* 609 Fed. Appx. 721, 724 (3d Cir. 2015); *Estate of Sisk v. Manzanares,* 270 F. Supp. 2d 1265, 1282 (D. Kan. 2003); *Eisenberg v. C&J Servs. (In re G&M Enters.),* 485 B.R. 112, 126 (Bankr. E.D. Pa. 2013).

### E. There Is No Basis to Vacate the May 17 Dismissal Order Pursuant to Rule 60(b).

While Murphy mentions Rules 60(b)(1), (3), (4), and (6)[23] in his Second Reconsideration Motion, he does not coherently explain the significance of these sections nor meaningfully discuss why they entitle him to relief. However, given his pro se status, the Court has tried to construe his motion and letter brief liberally. Nevertheless, the Court cannot find that Rule 60(b) justifies granting the relief Murphy seeks. First, the Court recognizes no circumstances which would constitute neglect, mistake, or inadvertence under Rule 60(b)(1). That Murphy may regret his strategic decision to seek conversion rather than conditions to the Debtor's dismissal does not give the Court a basis to vacate the May 17 Dismissal Order pursuant to Rule 60(b)(1). Similarly, the Court cannot conclude that the dismissal would have reasonably surprised Murphy. The April 20 Reconsideration Order gave Murphy notice that the May 10 hearing would entertain oral argument on whether a debtor's right to dismissal pursuant to § 1307(b) is absolute. Clearly, if Judge FitzSimon determined that § 1307(b) confers an absolute right to dismissal, it was very

---

[23] Murphy also mentions Rule 60(d)(3) without discussing why it is applicable. Pursuant to Rule 60(d)(3), Rule 60 does not limit a court's power to set aside a judgment for fraud on the court. The party seeking relief under Rule 60(d)(3) must establish fraud by clear and convincing evidence which involved an unconscionable plan or scheme designed primarily to improperly influence the court in its decision. *Hatchigian v. Int'l. Broth. of Elec. Workers Local 98 Health & Welfare Fund,* 610 Fed. Appx. 142, 143 (3d Cir. 2015). The concept of fraud on the court includes "only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Hobbs v. Powell,* No. 87-285-GMS, 2009 WL 1975452, at *3 (D. Del. July 8, 2009). Murphy has not demonstrated that fraud on the court contributed to the dismissal.

predictable that she would immediately dismiss the case unless Murphy timely sought appropriate conditions. Finally, for the reasons previously discussed, Judge FitzSimon committed no error of law.

It is also clear that Rule 60(b)(3) provides no basis for relief. Nowhere does the record suggest that the Debtor secured dismissal of her case by fraudulent means which prevented Murphy from fully presenting his case. *See In re Lampman,* 494 B.R. 218, 223 (Bankr. M.D. Pa. 2013). Additionally, Rule 60(b)(4) does not entitle Murphy to relief because the May 17 Dismissal Order is not void for want of jurisdiction or due process. *See United States Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 271 (2010); *Johnson v. Rardin,* 700 Fed. Appx. 170, 172 (3d Cir. 2017); *In re Prosser,* 574 Fed. Appx. 82, 83 (3d Cir. 2014). Murphy was provided with due process in the form of notice of the Debtor's Dismissal Request and a hearing giving him an opportunity to object.[24] *See Espinosa,* 559 U.S. at 272.

---

[24] To the extent Murphy argues that the May 17 Dismissal Order is void because the Debtor initially filed a praecipe/application rather than a motion, his position has no merit and he cites no law supporting it. While technically correct that Fed. R. Bankr. P. 1017(f)(2) ("Rule 1017(f)(2)") provides that requests for dismissal pursuant to § 1307(b) shall be on motion and served as required by Fed. R. Bankr. P. 9013 ("Rule 9013"), Murphy never objected orally or in writing to Judge FitzSimon's treatment of the Debtor's Dismissal Request as a motion. Furthermore, Murphy does not explain why the filing of a document labeled "praecipe" or "application" which he received notice of and had an opportunity to object to at a hearing would render the May 17 Dismissal Order void solely due to the way the dismissal request was labeled. Various filed writings can constitute "motions" within the meaning of Rule 9013, regardless of how labeled, and courts may overlook procedural irregularities that do not implicate substantive rights of the parties. *Crowley v. Burke,* No. 3:13-CV-RCJ-VPC, 2013 WL 6284170, at *12 (D. Nev. Dec. 4, 2013); *In re Siddiqi,* 2:13-bk-38958-RK, 2016 WL 4506643, at *1 (Bankr. C.D. Ca. Aug. 25, 2016); *Morrison v. Office of the United States Tr. (In re Morrison),* 375 B.R. 179, 188 (Bankr. W.D. Pa. 2007); *In re Oblinger,* 288 B.R. 781, 783 (Bankr. N.D. Ohio 2003); *In re Allegheny Health, Educ. & Research Found. v. Williams,* 233 B.R. 671, 682-83 (Bankr. W.D. Pa. 1999). Motion requirements are meant to give a "simple and elastic procedure without too much emphasis on form." *In re Mancini,* No. 85-30168, 1986 WL 28905, at *4 (Bankr. S.D. N.Y. Mar. 26, 1986). Matters should be substantively considered and not barred by procedural technicalities unless some important purpose is served. *Id.*

By granting Murphy's First Reconsideration Motion and vacating the February 22 Dismissal Order, Judge FitzSimon appropriately remedied any notice deficiencies which may have initially existed. Thereafter, Murphy had notice of the Debtor's request and was granted a hearing on it, which amounts to more due process than Rule 9013 typically requires. *In re Mills,* 539 B.R. at 884; *In re Premier Gen. Holdings, Ltd.,* 427 B.R. 592, 600-01 (Bankr. W.D. Tex. 2010); *In re Whitmore,* 225 B.R. 199, 201 (Bankr. D. Idaho 1998); *In re Weston,* 101 B.R. 202, n. 7 (Bankr. E.D. Ca. 1989); *In re Rebeor,* 89 B.R. 314, 322 (Bankr. N.D. N.Y. 1988).

To the extent Murphy argues that he was denied due process because the April 20 Reconsideration Order failed to put him on notice that he should be prepared to seek conditions to dismissal in the event that Judge FitzSimon ruled that § 1307(b) provides an absolute right to dismissal, this position has no merit. The April 20

17

Finally, Rule 60(b)(6) will not help Murphy because there are no extraordinary circumstances demonstrating that Murphy would suffer an extreme, unexpected hardship if the May 17 Dismissal Order is not vacated. *See In re Nortell Networks,* 664 Fed. Appx. at 159; *In re Express Car & Truck Rental, Inc.,* 455 B.R. 434, 441 (Bankr. E.D. Pa. 2011). He may continue to exercise his nonbankruptcy law rights to attempt to collect on his Judgment and has many tools available to protect his interests in the event the Debtor re-files.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that there is no basis to reconsider or vacate the May 17 Dismissal Order and, therefore, Murphy's Second Reconsideration Motion is denied. An appropriate order follows.

Date: February 15, 2019

Honorable Ashely M. Chan
United States Bankruptcy Judge

---

Reconsideration Order gave him notice reasonably calculated under the circumstances to apprise him of the general substance of the hearing, which is all that due process requires. *See Espinosa,* 559 U.S. at 272. Courts routinely discuss their discretion to impose conditions on a dismissal when analyzing whether the right to voluntary dismissal under § 1307(b) is absolute. *E.g., In re Sinischo,* 561 B.R. at 189-191; *Ross,* 530 B.R. at 289; *In re Criscuolo,* 2014 WL 1910078, at *5; *In re Hamlin,* 2010 WL 749809, at *4. Therefore, it should have been clear that Murphy could have discussed dismissal conditions at the May 10 hearing and any confusion would not have come from the wording of the April 20 Reconsideration Order.